## No. 8158.

STATE OF LOUISIANA EX REL. J. T. FORD VS. ERNEST MILTENBERGER.

In a proceeding under the Intrusion into office law, at the instance and on the relation of a private individual, the first inquiry is: has the Relator a *muniment of title* to the office held by the Defendant? If he has not, and only contests the rights of the Defendant, without exhibiting an apparent title in himself, the proceeding must fall.

The object of that law, which provides for a summary proceeding to test the superiority of the respective titles of the Relator and the Defendant, to an office, was not to embrace cases in which no *prima facie* title, such as a commission, a judgment or a return of election, can be produced by office claimants.

The law in question was not intended as a substitute for the law providing for and regulating the contestation of elections, and has not repealed the same.

APPEAL from the Civil District Court, parish of Orleans. *Tissot, J.*

*W. B. Lancaster* and *Miller, Finney & Miller* for the Relator, Appellant:

First—The right to public office, to be filled by elections, is derived from the fact of election. The remedy under the Intrusion Act is in favor of those rightfully entitled to the office, the suit to be brought by the State, joining the name of the party entitled. The issue of the commission does not settle the right. Hence, one rightfully entitled to the office by the fact of his election, may invoke the remedy afforded by the Act, against one to whom the commission has issued; in other words, the commission is not the test of the right, so as to preclude judicial inquiry into the issue, who is rightfully entitled to the office. Revised Statutes, Secs. 2393, 2397, 2398.

Second—The remedy under the Intrusion Act, is given to the State for the benefit of the party rightfully entitled to the office, but it is none the less the suit of the State. The right to contest the election is given to the individual. The remedies are distinct. Hence, if the individual, whose name in this case, is set forth in the petition as rightfully entitled to the office, could by his individual actions contest the election of his competitor who holds the commission, still the remedy under the Intrusion Act would

264      SUPREME COURT OF LOUISIANA,

State of Louisiana ex rel. Ford vs. Miltenberger.

be preserved. State vs. Delassize, 21 An, 710; Hayes vs. Thompson, ibid, 655; Duson vs. Thompson, 32 An. 864.

The right to contest an election must be derived from statute. The office of Recorder of the Second Recorder's Court is not embraced in Sections 1418, 1419, of the Revised Statutes, or in the Act No. 24 of 1877, first session, p. 26. Acts of 1877, extra session, p. 200, Secs. 1, 3; State ex rel. Rousseau, 13 An. 89.

*Spencer & White* and *F. C. Zacharie* for Respondent and Appellee:

First—A question of law alone is presented.

Second—No suit can be brought by a person joined with the State under the Intrusion into office Act of 1868, unless that person have a commission or some other muniment of title.

Third—His remedy is by a contest of the election on its merits under Arts. 1418 and 1419, and the Act 26 of 1877, amendatory thereto.

Fourth—The meaning of the word " district," in Act 26 of 1877, is not confined to judicial districts, but extends to all "districts" created by law, including the Recorders' Districts of Orleans, Tax Collectors' Districts, School Districts, Levee Districts, etc.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This proceeding was instituted by the State, under the intrusion into office act, at the instance of J. T. Ford, who claims that he is rightfully entitled to the office of Recorder of the Second and Third Districts of New Orleans. Upon that fundamental averment the charge is made that the defendant has nevertheless taken possession of that office, holds the same, and exercises the functions thereof, as though elected thereto, all this unlawfully, by usurpation of, and intrusion into, said office. Prayer is made for judgment, decreeing that the defendant is a usurper and an intruder; that the relator is entitled to the office, and that the defendant do turn over to him the said office, together with all the books, papers, appurtenances, etc., thereunto belonging.

In bar the defendant pleads that the relator has not been returned as elected, and has not been commissioned to the office; that the respondent has been returned as elected thereto, and has been accordingly commissioned; that the relator has not even a *prima facie* right to the office, and could not occupy it even if it were unquestionably vacant, and that he cannot assert his pretensions to the office in this proceeding.

The defense was sustained, and the suit dismissed. The judgment thus rendered was not appealed from by the State, the Attorney General refusing to do so, but it is brought up for review by Ford, the relator, whose right in the premises is not questioned. 21 An. 755; 30 An. 70.

An admission in the record is to the effect that the defendant was, at the time of the election and promulgation of the result thereof, Recorder of the lower districts of the city; that the plaintiff holds no commission as such Recorder, the defendant having been declared

elected to the office by proclamation of the result of the election, and having been commissioned by the Governor, upon which commission he has qualified and is in the actual discharge of the duties of the office, as his own successor.

The pretensions of the relator are predicated upon sections 2593, 2597, of the Revised Statutes, relative to intrusions into office. The law, as found in those sections, has already been subjected to legal analysis, and has received a judicial construction which establishes that in a proceeding under it the courts are without authority to go beyond an examination of the titles set up by the contestants to the office in controversy; and that the only power which they can exercise, is to decide which, if any, of the litigants has a legal title to the office. The *commission* of each has been held to be *the evidence* of such title. 25 An. 264, 268.

We do not think, however, that a commission is invariably *the* only or conclusive *evidence* of the right of a contestant to the office in controversy, though we hold that he must exhibit a *prima facie* complete muniment of title.

Such party may allege and produce what is equivalent, if not superior, to a commission, viz: a *definitive* judgment of a competent court decreeing him entitled to the office.

Independent of such a case, the party claiming to have been elected to a public office may hold and rely upon an official return duly published by the proper officer as the result of the election at which he was a candidate.

It is a fact likely to occur, as it is not without precedent, that after the rendition of such judgment or the publication of such return, the Executive may, with or without valid cause, hesitate or refuse to issue a commission to the party recognized by the judgment or return, as entitled to the office, and that the courts may be powerless to compel the issuance of such commission. It is possible that the judgment may not be conclusive upon the incumbent because he was not a party to it, or that it be otherwise inoperative, or that the legality and correctness of the return be questioned.

In such cases, the right of the party judicially recognized, or in whose favor the return was made, to require a test proceeding under the intrusion act, would have to be acknowledged, and his muniment of title, judgment or return, would be as much *prima facie*, as a commission regularly issued to him by the Executive under the great seal of the State.

Prior to 1868, the only mode in which the right to an elective office could be asserted and determined, was by proceeding under the law regulating the contestation of an election.

The intrusion into office act, under which this suit was instituted, was not intended to repeal that law, and to serve as a substitute for it. They both can co-exist. The former may prove ancillary to the latter. It was not designed to apply to cases in which an investigation of matters of fact, originating anterior to all official action, was contemplated; or in which the correctness of such action was to be inquired into and passed upon; in other words, its object was not to embrace within its purview cases in which no *prima facie* title, such as a commission, a judgment, a return, was exhibited by office claimants. It cannot be supposed for an instant that it was meant to permit *any person merely* claiming an office, or to have an interest, to inquire under the cover of the State, into, and test the rights of incumbents.

Its purpose was to subject the rights of the latter to inquiry and to scrutiny at the demand of the State, either on its own motion or at the instance of parties claiming to be *rightfully* entitled to the office, and then *only* upon exhibition to the State attorney first, and to the State judicial officer next, of same apparent title, sufficient on its face to justify an induction into office in the event of an actual or of a declared vacancy.

Were it not so, it would follow that by a proceeding which is summary in its character, in which no jury trial can be had, the law relative to the contestation of elections would prove a dead letter, and that a party entitled, as a matter of right, to a trial by his peers, would be frustrated of that high privilege so precious in cases of that character.

It cannot be admitted that such ever was the intent of the lawmaker.

In a proceeding under the intrusion act, by the State *alone*, the inquiry is: Has the defendant usurped and intruded into the office? If he have, he is excluded and ejected from it; the office is declared vacant, and remains to be filled as provided by law. If the defendant is found not to have usurped or intruded, then he is quieted in the possession of the office, and in the exercise of his functions.

In a proceeding under the same act, by the State, on the relation of an "*interested person*," the first inquiry is: Has the relator a *muniment of title* to the office held by the defendant? If he have, the court passes at the threshold upon its sufficiency and effect; and if it establish a *prima facie* right to the office, the next inquiry is into the right of tenure of the defendant; but if the relator have no such muniment, and if the State do not press on its own behalf an investigation, the litigation drops, the contest ends, the proceedings are to be dismissed, and the incumbent must not then be disturbed.

It is not because an incumbent is an intruder or usurper that a relator is entitled to the office. The relator must first satisfy the court

that he can fill the vacancy which he seeks to have created by the eject-
ment of the usurper or intruder.

If he cannot do so, he has no interest in the proceeding, and cannot
prosecute it when the State does not.

In the present instance the State has refused to prosecute an appeal,.
and the relator has exhibited no muniment of title which would au-
thorize his induction in case the defendant were pronounced a usurper·
or intruder.   Were the defendant to desist from any opposition, were he·
to resign, or to die, the suit would abate; but the relator could not, on
that account, be inducted into the office to which he lays claim; for he·
holds no commission, exhibits no return or judgment declaring him en-
titled to it.   Sec. 2598, R. S.

On the contrary, by a judicial admission, which cannot be miscon-
strued, which is entitled to more weight and effect than questionable evi-·
dence, he formally admits that he is the holder and bearer of no com-
mission, of no judgment, of no return, and that the defendant was·
returned and commissioned as elected to the office in dispute.

We do not consider that the rulings in 21 An. 655, 710, and 26 An.
374, clash with those made in 25th Annual.   They were made in cases in·
which commissioned complainants were the actors, unless perhaps it be·
in the case of Wickliffe, in which the commission is not alluded to, but
can be inferred to have been relied on.

In connection with the decisions in 25 An., see Franklin vs. Allain,.
No. 4634; Nichol vs. Webre, No. 4633; Comeaux vs. LeBlanc, No. 4632,.
maintaining the same doctrine.   32 An. 934.

Whether the relator could have resorted to another proceeding,.
either under the law relative to the contestation of elections, or under·
any other law, in order to assert and vindicate his alledged rights to the·
office held by the defendant, is a question which it is not necessary to·
solve, to determine the present litigation.

He has not contested the election of the defendant either by attack-·
ing the return, as was done in the Babin case, 32 An. 579, or by any·
other proceeding, save the present one, in which the assault, as we have·
explained, cannot be entertained.

If he had a right to bring a suit, under any law, he should have·
instituted it.   If he had not, he finds himself in no worse predicament.
than those who once thought that they could have recourse to ·the·
same, and who were disappointed in their expectations, as in the·
Rousseau case.   13 An. 89.

If the relator have rights in this case, otherwise than as a claimant.
of the office, he has not shown that the defendant is a usurper and an
intruder in the sense of the intrusion act.   The commissions which the
defendant holds show the contrary.   If the defendant was not re-elected,.

and is not entitled to the new commission, he then holds, under his first commission, until his successor be commissioned and qualified ; if he was legally re-elected, his second commission empowers him conclusively to discharge the functions of the office.

The judgment appealed from is affirmed with costs.