While I concur in the construction the majority opinion places on Section 96 of Article VII of the Constitution of 1921, as amended in the general election of 1948 pursuant to Act No. 513 of 1948, I cannot subscribe to that portion of the majority opinion holding the trial judge erred in ruling the incumbent judge, Mrs. Levy, had a right to question Blessing's eligibility to and qualification for office under the holding of this court in the case of State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209
As pointed out in the majority opinion, Mrs. Levy failed to receive the nomination for the office she had been holding since January 1, 1941 — Judge of the Juvenile Court for the Parish of Orleans — in the Democratic primary election held on August 31, 1948, one of her opponents, the plaintiff here, receiving this nomination in a second primary and being elected without opposition in the general election held on November 2, 1948. However, under the express provisions of Section 6 of Article XIX of the Constitution of 1921, Mrs. Levy was obligated to continue to discharge the duties of that office until her successor was inducted into office. And this court, in the case of State ex rel. Williams v. Cage, supra, where Williams, as does the plaintiff here, held a commission from the Governor and sought to oust Cage through a quo warranto or intrusion into office suit contending that Cage under this section and the authority of State ex rel. Ford v. Miltenberger, 33 La. Ann. 263 (which is the basis for the decision in the majority opinion), was without right to contest the commission held by Williams from the Governor, with the learned Chief Justice as the organ of the court, disposed of this issue as follows [196 La. 341, 199 So. 211]:
"The appellant contends first that the holdover clause, which is Section 6, in Article XIX of the Constitution, is not applicable to a vacancy caused by the retirement of a judge, under the provisions of Section 8 of Article VII of the Constitution. Hence the appellant contends that Judge Cage hadno right to question the legality of the appointment made bythe Governor, as evidenced by the commission held by theappellant. He cites the case of State ex rel. Ford v. Miltenberger, 33 La. Ann. 263, where it was held that an individual who brought suit under the intrusion-into-office statute was obliged to exhibit an apparently valid muniment of title, such as a commission from the Governor; otherwise he could not inquire into the authority by which the defendant holds the office. The converse of the proposition, of course, is that if the plaintiff or relator in such a case exhibits anapparently valid muniment of title, such as a commission fromthe Governor, the defendant must show his right to remain inoffice until a rightful successor demands possession of theoffice. When the defendant in such a case makes such a showinghe has the right to inquire into the legality of the munimentof title exhibited by the plaintiff or relator, — even though it be a commission from the Governor, — and to require theplaintiff or relator to establish his right to be inducted intooffice." (Italics mine.)
If I should entertain any doubt as to just what the court meant to say by the foregoing, I have only to read further into the opinion where the holding is stated in these words:
"Our opinion is that Judge Cage had the right to continue to discharge the duties of his office while he was awaiting its being claimed by his successor. He had the right therefore toquestion the authority of anyone who might claim to be hissuccessor. In Section 6 of Article XIX of the Constitution there are only two exceptions to the rule that every public officer at the end of his tenure shall continue to discharge the *Page 91 
duties of his office until his successor is inducted into office. The only exceptions are cases of impeachment or suspension." (Italics mine.)
The very act under which the plaintiff has brought his action, Act No. 39 of 1873, makes a commission from the Governor for the office of a judge of any of the courts of this state, either through appointment or election, only prima facie proof of the right of such person to hold and exercise such office. Of necessity, prima facie does not mean conclusive proof. And inasmuch as one of the constitutional qualifications for the office of a judge of the Juvenile Court for the Parish of Orleans is that in addition to being learned in the law the candidate "shall have practiced law in the State of Louisiana five years previous to their election," article 7, § 33, it was not only Judge Levy's right to continue in office until a duly qualified successor was elected and inducted into office, but it was also her right and duty to remain in office and to refuse to relinquish it until one so qualified and elected was inducted into office.
For these reasons I respectfully dissent.