BONIN, J.,
concurs with additional reasons.
Ill concur in the majority opinion and offer additional reasons in support of our judgment affirming Judge Reese’s decision. I especially want to highlight three other considerations which support our conclusion that neither the current constitution nor the 1921 constitution contain or contained an age requirement — minimum or maximum — for the office of district judge. And, consequently, there is no minimum or maximum age requirement.
First, it is clear from the Louisiana constitution that the drafters well-knew how to provide for age limitations as a qualification for office in the other two branches: legislators (see La. Const, art. 3, § 4 (“[A]t the time of qualification as a candidate has attained the age of eighteen years....”)), and statewide elective office (see La. Const, art. 4, § 2 (“[B]y the date of his qualification as a candidate, shall have attained the age of twenty-five years.... ”)).
Second, the well-known “historical practice” [1] of the Louisiana Supreme Court in *29 appointing lawyers, including but not limited to retired judges, who are over the ages of seventy or seventy-five to fill vacancies in judicial offices pending elections demonstrates that the Court does not understand age to be a qualification for the office of district judge. The constitution restricts appointment to a vacancy | ato “a person meeting the qualifications for the' office, other than domicile....” La. Const, art. 5, § 22(B). The constitution provides only four qualifications for the office of district judge: domicile of one year preceding election, La. Const, art. 5, § 24(A); admission to the practice of law for eight years, La. Const, art. 5, § 24(A)(2); no practice of law following assumption of office, La. Const, art. 5, § 24(B), and no unpardoned felony conviction, La. Const, art. 1, § 10(B). Because there is no age requirement for qualification for the office, the appointment by the Supreme Court of persons to vacant judgeships which persons if judges would be beyond mandatory retirement age does not violate the constitutional provision that such persons meet “the qualifications for the office, other than domicile.”
Third, a judge, who while serving under the 1921 constitution and had reached the mandatory retirement age of eighty, was not ipso facto disqualified from continuing in office. See State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209 (La.1940). There Judge Cage was challenged for continuing in office by someone who had received a commission from the governor to replace him. In the contest over whether there was a vacancy in the office of judge, the Louisiana Supreme Court over seventy years ago explained that “[t]he theory of the appellant seems to be that when a judge reaches the age of 80 years he immediately becomes disqualified or incapacitated to discharge the duties of his office. But that is not the case.” Cage, 196 La. at 351, 199 So. at 212 (emphasis added). I understand this case to mean that age in itself is not a qualification for the office of judge.

. See, e.g., N.L.R.B. v. Noel Canning, — U.S. -. 134 S.Ct. 2550. 2562. 189 L.Ed.2d 538 (2014).