ST. PAUL,.J.
 

 The defendant was charged with stealing certain automobile parts and accessories of the total value of $47.50. He was convicted before a jury of five, who fixed the value of the stolen property at $25. He was sentenced to not less than ten, nor more than twelve months’ imprisonment in the State Penitentiary. His appeal presents nine bills of exception.
 

 I.
 

 Bill No. 5 is purely frivolous. Por the purpose of impeaching a state witness, he was asked on cross-examination whether, after having sworn on a certain occasion that he had no whisky in his possession, he had not afterwards admitted that he had. An objection to this testimony was sustained ; but the witness none - the less answered that he had made no such admission. Any injury to the defendant’s case was therefore not the result of the judge’s ruling, but of the answer given by the witness.
 

 
 *123
 
 II.
 

 Bill No. 6 was taken to the refusal of the trial judge to permit proof of the
 
 wholesale
 
 value of the stolen articles. The ruling was correct; the value to be placed on a stolen article is the amount of which the owner has been deprived, and hence the value to him at the time, taking into consideration the post of replacement, and making due allowance for wear and tear.
 

 Ill-
 

 Bills Nos. 1, 2, 3, 4, 7, 8, 9, all raise in one form or another the question as to the proper interpretation of Act 33 of 1926, p. 44, which act reads in full as follows:
 

 “An act, to provide that stealing- an automobile part, or an automobile accessory, or any automobile equipment, belonging to and attached to an automobile, shall be a misdemeanor, and to provide a penalty therefor, and to repeal all adverse laws.
 

 “Section 1. Be it enacted by the Legislature of Louisiana, that whoever shall steal any part, accessory or equipment belonging to, and attached to, any motor driven vehicle shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than $100 nor more than $300, or suffer imprisonment in the parish jail for not less than three months nor more than two years, or both, at the discretion of the court.
 

 “Section 2. That nothing herein shall be construed as repealing, modifying, or amending any existing law or laws relative to the crime of larceny.
 

 “Section 3. That this act shall not affect any case or cases now pending.”
 

 IY.
 

 It will be observed that section 1 defines a new offense, which it declares to be a misdemeanor, and punishable only by fine and imprisonment in the parish jail, regardless of the value of the stolen parts. And section 2 is in substance, if not in form, simply a
 
 proviso,
 
 which, however, is clearly repugnant to the main enactment, since it purposes to leave the same offense still
 
 larceny,
 
 and punishable as such. Vide Act 107 of 1902, § 5; Act 124 of 1874. But “the true rule is that a proviso or saving clause which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy.” 25 R. C. L. 987; Verbo Statutes, § 232. Cf. State v. McClellan, 155 La. 37, 98 So. 748, 31 A. L. R. 527; State v. Hickman, 127 La. 442, 53 So. 680.
 

 Y.
 

 The trial judge in his per curiam says:
 

 “The evidence in this ease shows that the articles stolen were on an automobile and attached thereto at the time they were stolen.”
 

 Hence our conclusion' is that the state should have proceeded in this case under the provisions of Act 33 of 1926, and not as it did, under the provisions of Act 10-7 of 1902, and that the defendant is entitled to his discharge herein, without prejudice, however, to the right of the state to proceed under the later act.
 

 Decree.
 

 The verdict and sentence herein are therefore set aside, and it is now ordered that the defendant be discharged, but without prejudice to .the right of the state to proceed against him under the provisions of Act 33 of 1926.
 

 BRUNOT and THOMPSON, JJ., dissent.