ST. PAUL, J.
 

 Relator was convicted in the criminal district court for the parish of Orleans of violating the provisions of Act No. 116 of 1928, amending Act No. 271 of 1908,
 
 by
 
 employing as a mechanic in the construction of a certain public work one who was not a duly qualified voter of the state of Louisiana, without having first applied to the proper authorities to furnish him with duly qualified mechanics. The conviction was affirmed by the appellate division of said criminal district court, and he now applies to this court for relief.
 

 Relator was general superintendent and agent in charge of construction for the contractors who were erecting the building for the city of New Orleans.
 

 I.
 

 He contends that the statute violates article 1, § 2, of the Constitution of the state of Louisiana of 1921, and the Fourteenth Amendment to the Constitution of the.United States; by depriving him (and. his principals) and those whom he may wish to employ, of their property without due process of law, to wit, of their freedom of contract, and by depriving those whom he may thus wish to employ of the equal protection of the laws, to wit, by depriving them of an equal opportunity for employment on public works.
 

 The contention is without merit. In Atkin v. Kansas, 191 U. S. 207, 24 S. Ct. 124, 48 L. Ed. 148, the Supreme Court of the United States held that it belongs to the state as the guardian and trustee for its people, and,.having control of its affairs, to prescribe the conditions upon which it will permit public work to be done on its behalf or on behalf, of its municipalities, and no court has authority to review its action in that respect. In Heim v. McCall, 239 U. S. 175, 36 S. Ct. 78, 60 L. Ed. 206, Ann. Cas. 1917B, 287, the court held that the general power of a state over its municipalities extends to the regulation of the kind- of laborers which may be employed in the construction of public works by or for such municipalities. See, also, Crane v. New York, 239 U. S. 195, 36 S. Ct. 85, 60 L. Ed. 218.
 

 Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60
 
 L.
 
 Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283, State v. Barba, 132 La. 768, 61 So. 784, 45 L. R. A. (N. S.) 546, Ann. Cas. 1914D, 1261, State v. Legendre, 138 La. 154, 70 So. 70, L. R. A. 1916B, 1270, and State v. Gantz, 124 La. 535, 50 So. 524, 24 L. R. A. (N. S.) 1072, have no application here. In all those cases the state had undertaken to regulate the conduct of some private business without just ground for the discrimination made between one class of employees and another, and hence was clearly denying to employers, without reasonable basis for so doing, their freedom of right to contract; and- excluding employees from the equal protection of the laws by denying them, without reasonable basis for so doing, the opportunity to seek employment in their regular trades.
 

 
 *856
 
 In so doing the state was acting merely as legislator, and as legislator the power of the state is restricted in many respects in which it is not so restricted with reference to its own property and business. “Its commands in such matters transcend, as it were, the domain of ordinary legislation; it then speaks with dual authority, that of sovereign and that of master.” State v. Board of Commissioners, 161 La. 361, 363, 108 So. 770, 771.
 

 It is therefore from its status as master in its own house with reference to the construction of public works, rather than from its status as legislator, that the state derives its right “to prescribe the conditions Upon which it will permit public work to be done in its behalf or on behalf of its municipalities.” Cf. Lacoste v. Department of Conservation, 151 La. 909, 921, 92 So. 381, syl. No. 13.
 

 II.
 

 Relator further contends that Act No. 116 of 1928 is broader than its title, in that the body makes it an offense to employ nonvoters in the “construction” of public buildings and public works, whereas the title to said act purports to forbid their employment only on such public buildings and public works.
 

 We see no merit in this contention.
 

 To employ a mechanic in the construction of a building or work is to employ him on such building or work. And hence we think the title of the act is sufficiently “indicative” of its object to suffice therefor.
 

 III.
 

 It is further contended that the provisions of the áct are so meaningless as to be inoperative. Section 3 of the Act No. 116 of 1928, amending section 2 of the Act No. 271 of 1908, provides that, in the event mechanics who are
 
 not
 
 qualified under the act cannot be found, then, after due notice to proper authorities and failure to supply the mechanics needed, the contractor may employ mechanics not qualified under the act.
 

 But we do not think the act of 1928 is meaningless or inoperative. The penal provisions of the act are in the second and fourth sections thereof. The second section flatly forbids the employment of nonvoters on public buildings and public works; the fourth section provides the penalties. The third section merely provides that the act shall not be applicable under certain conditions. And hence the sole question involved in seeking the meaning of the act is to determine what are the circumstances under which the act shall not be applicable.
 

 In State v. Wiltz, 11 La. Ann. 439, 440, this court said:
 

 “An interpretation which must lead to consequences both mischievous and absurd is inadmissible, if the statute is susceptible of another interpretation whereby such consequences may be avoided. The legislative intention must be honestly sought after and faithfully executed, if not in conflict with a paramount law. And, in cases like the present, we are authorized to search for that meaning, not merely in the words of the statute itself, but in the subject matter, in the history of the legislation thereupon, in the purpose of the new law, the reason of its enactment, and the evil it sought to remedy.”
 

 And what is true of the interpretation of a statute as a whole is equally true of the interpretation of every part thereof.
 

 But to read section 3 literally is to convict the legislator of this absurdity, to wit, that, though it shall be unlawful to employ nonvoters on a public work, yet, if nonvoters
 
 cannot
 
 be found, then it shall be lawful to employ nonvoters.
 

 
 *858
 
 In other words, the legislator would be made to say that the statute shall not be applicable whenever it shall be impossible for a contractor to violate it because he can find no nonvoters to employ.
 

 Hence that cannot be the meaning of section 3.
 

 But if we go back to the object of the Act No. 116 of 1928, we can then clearly discern the legislative intent. Act No. 271 of 1908 applied only to public works in cities of 10,000 population or more. Act No. 116 of 1928 merely meant to extend its provisions to cover the whole state (with some slight changes).
 

 In their essential features the two acts are similar. In fact, Act No. 116 of 1928 purports to be merely an amendment and reenactment of Act No. 271 of 1908.
 

 The two acts are therefore on the same subject-matter, and “it is a rule of interpretation, that laws on the same subject-matter may be considered, whether they be in force or repealed.” Vidal v. Commagere, 13 La. Ann. 516, 518 ; Mansfield, J. in Rex v. Loxdale, 1 Burrow 447 (97 Eng. Reprint 395).
 

 But Act No. 271 of 1908, § 2, made it quite clear that, what the legislator had in mind with reference to the matter of employment on public works, was that, if qualified mechanics were not available, then a contractor might, after proper notification, employ mechanics who were not qualified.
 

 But in re-enacting, as section 3 of Act No. 116 of 1928, section 2 of Act No. 271 of 1908, a double negative crept inadvertently into the context, which thereupon read, “That in the event mechanics,
 
 who are not qualified
 
 * * * are not available, then” etc.
 

 The title of the act, as amended, makes this clear, being as follows:
 

 “An Act requiring that mechanics employed on all State and public buildings or public works throughout the State shall be citizens of the State except under certain conditions, and shall be duly qualified electors in and for the State of Louisiana, and providing penalties for the violation of the provisions of this Act.”
 

 We have no hesitation, therefore, in holding that the words of the section “who are
 
 not
 
 qualified” should read and were intended to read “who
 
 are
 
 qualified,” as that is. the only way in which the legislative intent, as announced in the title, can be carried out. And this court has repeatedly held that, where words and clauses which have inadvertently crept into a statute are clearly repugnant to the legislative intent to be gathered from the statute as a whole, including the title, such words and clauses will be expunged and disregarded and the intent of the Legislature adhered to. State v. Stephens, 150 La. 944, 91 So. 349, 23 A. L. R. 286 ; State v. Dudley, 159 La. 880, 106 So. 364 ; State v. Young, 165 La. 124, 115 So. 407.
 

 Decree.
 

 For the reasons assigned,- the rule herein issued is discharged, and it is now ordered that the judgment of the criminal district court for the parish of Orleans and of the appellate division of said court affirming the same remain undisturbed.