McCALEB, Justice.
 

 Appellant was elected in 1940 to one of the judgeships of the Juvenile-CourD for the Parish of Orleans for the' term begfinning January 1, 1941, and ending December 31, 1948. Under Section 96 of Article VII
 
 *859
 
 of the Constitution, as amended by Act No. 322 of 1944,
 
 [1]
 
 appellant’s successor was required to be elected at the Congressional election fixed by law on Tuesday November 2nd 1948. Accordingly, the Orleans Parish Democratic Committee, acting under the State Primary law, Act No. 46 of 1940, met and ordered a primary election for the office of Judge of the Juvenile Court, fixing August 31st 1948 as the date on which said primary would be held.
 

 Appellant, appellee and another qualified as candidates for the nomination to the juvenile judgeship at the Democratic Primary election held on August 31st 1948. Appellee received a plurality of the votes cast in the election and appellant was second in the tabulations. As a consequence, a second primary was ordered. In that primary, appellee received a substantial majority of the votes and was, in due course, certified as the nominee of the Democratic party. Thereafter, at the Congressional election held on November 2nd 1948, he was elected without opposition fGr a term of eight years beginning January 1st, 1949, as successor to appellant.
 

 Following the promulgation of the' election returns by the Secretary of State, the Governor, on December 3, 1948, issued a commission to appellee and, on December 13, 1948, appellee qualified for the judgeship by taking the oath prescribed by law.
 

 Prior to January 1, 1949, appellant indicated her intention to retain possession of the office to which appellee was elected by filing an injunction suit in which she claimed title. She secured a restraining order and, while the matter was pending, appellee, proceeding under Act No. 39 of 1873, Dart’s Statutes, Sections 2849 through 2852,
 
 [2]
 
 instituted the instant summary action for recognition of his title and for a permanent injunction restraining appellant from performing the functions of the office. Appellant resisted the demand on two grounds:
 

 
 *861
 
 (1) That appellee’s election was a nullity because the people had adopted, on the same day on which the election was held, a Constitutional amendment extending her term of office for eight years from the date said amendment became effective, and
 

 (2) In the alternative, that appellee is ineligible to hold the office as he has not been practicing law in the State during the period required by the Constitution.
 

 After a hearing in the District Court, there was judgment in appellee’s favor recognizing the validity of his title to the office but denying to him injunctive relief. Hence this appeal, which appellee has answered seeking an amendment to the judgment by the issuance of the injunction prayed for.
 

 The first proposition depended on by appellant is that appellee’s election was nullified by the adoption of Act No. 513 of 1948, amending Section 96 of Article VII of the Constitution. The pertinent portions of the amendment read as follows :
 

 “There shall be a Juvenile Court for the Parish of Orleans * * *.
 

 “There shall be two judges of the Juvenile Court for the Parish of Orleans
 
 *
 
 * *. The terms of office of said judges shall be eight years. * * * The successors to the judges of said court in office at the time of the final adoption of this amendment to the Constitution shall be elected at the respective nearest Congressional elections preceding the expiration of the respective terms of office of such judges.”
 
 '
 

 It is argued on behalf of appellant that, since this amendment became a part of the Constitution on December 10, 1948, (after its adoption by the people at the election on November 2, 1948), it necessarily invalidated appellee’s election and extended appellant’s term for eight years from the effective date because the words “shall be,” as used throughout the amendment, refer exclusively to future action. Thus, it is said that the provision that the successors to the judges of the Court in office at the time of the final adoption of the amendment “shall be elected at the respective nearest Congressional elections preceding the ’ expiration of the respective terms of office of said judges” can be construed only to mean that appellant has been given another eight years in office, as she was in office at the time of the final adoption of the amendment; - that -the term of -her office was fixed therein at eight years' and that the nearest Congressional election preceding the expiration of her term refers necessarily to an election in the future, or eight years hence in her case.
 

 The argument does not impress us. While it is the general rule that a Constitution should operate prospéctively, this doctrine is inapplicable where a consideration of the legislation as a whole makes it clear that such a result was not intended. In the instant case, appellant would make it
 
 *863
 
 appear, by employing a prospective construction, that the people have extended the terms of the juvenile judges for the Parish of Orleans for a period of eight years dating from the adoption of the amendment. This contention overlooks and ignores the purpose for which the amendment was proposed. The reason why the Legislature of 1948 enacted Act No. 513 was to (1) extend the jurisdiction of the court to include capital offenders under fifteen years of age; (2) specify the qualifications of the judges of the court; (3) change the jurisdiction of the Supreme Court on appeals from the Juvenile Court in certain cases and (4) grant to this court the right to assign judges or lawyers to sit on the Juvenile Court when one or more of the judges are, unable to hold court for any cause. In accomplishing this aim, the Legislature made specific provisions for the foregoing changes and merely reenacted the other provisions, relative to the number of judges, their salaries and the choosing of their successors, in exactly the same language as that contained in the section as it stood prior to the amendment. See Section 96 of Article VII of the Constitution, as amended by Act No. 322 of 1944 and compare with Act No. 513 of 1948.
 

 Consequently, by the simple pro.cess of applying the fundamental rule of statutory construction stated in Article 18 of the Civil Code,
 
 [3]
 
 it is manifest that the Legislature did not, in proposing Act No. 513 of 1948, intend to submit to the people a proposition to extend appellant’s term for eight years — or for any period at all. To hold otherwise would be to permit the niceties of grammar to override the intention of the Legislature and attribute to the people motives which did not exist, as it hardly can be said that the voters could have fathomed, from a reading of the act, that they were extending the term of office of the Juvenile Judges. Indeed, adoption of appellant’s construction would result in unseemly and absurd consequences' — a construction to be always avoided. State v. Wiltz, 11 La.Ann. 439; State v. Caldwell, 170 La. 851, 129 So. 368.
 

 The next contention of appellant is that appellee is ineligible to hold the office of Judge of the Juvenile Court because he, allegedly, does not possess the constitutional qualifications for said office in that he has not practiced law in the State for a period of five years.
 

 Before we are able to consider this contention, we must first determine whether appellant has a right to question appellee’s eligibility for the office — for, counsel for appellee timely objected to the admission of any evidence respecting appellee’s qualifications on the ground that the Court, in a
 
 *865
 
 proceeding of this sort, is concerned only with title to the office. The judge overruled the objection, being of the opinion that appellant had a right to assail appellee’s eligibility under the authority of State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209.
 

 We think that the judge erred in his ruling. Act No. 39 of 1873, under which this suit is brought, is an intrusion into office statute and the jurisprudence relative to ouster proceedings is applicable thereto. It is well settled that the only issue determinable in proceedings under the intrusion into office laws, Revised Statutes §§ 2593-2597, Act 102 of 1928, Dart’s Statutes, Sections 7712-7716, is title to the office and, under Act No. 39 of 1873, whenever the plaintiff offers his commission in evidence, “such commission shall be prima facie proof of the right of such person to immediately hold and exercise such office.”
 

 In State v. Miltenberger, 33 La.Ann. 263, from which we quoted with • approval in State ex rel. Williams v. Cage, supra, the Court, in discussing the issue involved under the intrusion into office statutes, observed :
 

 “In a proceeding under the same act, by the State, on the relation of an ‘interested person’, the first inquiry is: Has the relator a muniment of title to the office held by the defendant? If he have, the court passes at the threshold upon its sufficiency and effect; and if it establish a prima facie right to the office, the next inquiry is into the right of tenure of i the defendant; t ‡ ‡»
 

 Applying this rule to the instant case, it will be at once seen that appellee made out a prima facie case when he offered in evidence his commission signed by the Governor, which was issued as a result of his election by the people on November 2nd 1948. Since we have found that Act No. 513 of 1948, amending Section 96 of Article VII of the Constitution, did not extend appellant’s term of office and thus nullify appellee’s election and the commission issued to him by the Governor, it follows that the legality of the election and the commission cannot be seriously disputed. Hence, forasmuch as we hold that appellee’s muniment of title establishes in him a prima facie right to the office, our next inquiry is into appellant’s right of tenure. Since her term has expired, appellant can only claim as a hold over under Section 6 of Article XIX, providing:
 

 “All officers, State, municipal and parochial, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted into office.”
 

 Her title, under the above quoted section, is, of course, inferior to appellee’s title as he is her successor and the presentation by him of his commission is adequate authority to displace appellant unless it be that she has the right to inject into this
 
 *867
 
 litigation her contention respecting his ineligibility to hold the office, as distinguished from his legal title thereto.
 

 We think that appellant, holding merely until her successor presents a valid title to the office, is wholly without right to question appellee’s qualifications to hold the office. Reverting again to State v. Miltenberger, supra, where the Court found that title to the office was the only question determinable in an intrusion into office suit, it was declared:
 

 “The law, as found in those sections, (Revised Statutes §§ 2593 and 2597) has already been subjected to legal analysis, and has received a judicial construction which establishes that in a proceeding under it
 
 the courts are without authority to go beyond an examination of the titles set up by
 
 the contestants to the office in controversy; and that the only power which they can exercise is to decide which, if any, of the litigants has a
 
 legal title
 
 to the office.” (Words in parenthesis and italics ours.)
 

 See also, Collin v. Knoblock, 25 La.Ann. 263; State ex rel. Bonner v. Lynch, 25 La. Ann. 267 and State v. Dietlein, 2 La.App. 572.
 

 Accordingly, we conclude that any matter respecting appellant’s eligibility to hold the office is foreign to this proceeding. An examination of our decision in State ex rel. Williams v. Cage, supra, will disclose that there is nothing contained therein which can be construed to sustain the ruling of the court below or, for that matter, that is in anywise discordant with the views herein expressed. There, it appeared that Judge Cage, having reached the age of 80 years, notified the Governor that he was compelled to retire under the mandatory provisions of the Constitution. On the date of the judge’s eightieth birthday, a little more than a year of his unexpired term still remained so that, under the provisions of Section 69 of Article VII of the Constitution, the Governor was required to call a special election to fill the vacancy. Instead of doing this, the Governor waited until less than a year had yet to run before the expiration of the judge’s term and appointed Williams to fill the vacancy. When Williams presented his commission to Judge Cage, who was retaining his office under the provisions of Section 6 of Article XIX of the Constitution, the Judge refused to surrender repossession taking the position that, since the unexpired term of his office was more than one year at the time he reached eighty, the Governor was without right or authority to appoint his successor. In other words, Judge Cage contended that Williams’ commission was illegal. In this court, Williams maintained that Judge Cage was without right to defend possession of the office for the reason that the hold over provision was inapplicable to a judge compulsorily retired by reason of his age. This contention was rejected, our ruling being that Section 6 of Article XIX of the Constitution was applicable and that respondent “had the right to defend against this suit the possession of the office which
 
 *869
 
 he held, and hence to challenge the
 
 authority
 
 which the Governor assumed in appointing a successor to Judge Cage.” [196 La. 341, 199 So. 212] (Emphasis ours.)
 

 In State ex rel. Williams v. Cage the respondent, as a hold over under Section 6 of Article XIX of the Constitution, was assailing the validity of the relator’s title. In this case, appellant, in the same position, is challenging appellee’s eligibility to occupy the office. This she cannot do as the inquiry in ouster proceedings is restricted to a consideration of title.
 

 It is apt to observe that, if appellant believed that appellee was ineligible to hold the office of Judge of the Juvenile Court, she could have tested his qualifications before the Parish Committee and the courts under Section 28 of Act No. 46 of 1940, the Primary Law. Having elected not to exert this right, her belated complaint cannot now be entertained as appellee presents a perfect legal title to the office.
 

 We are also of the opinion that the judge erred in refusing to grant a permanent injunction to appellee, which was prayed for in his petition. The decree will be accordingly amended to this extent.
 

 The judgment appealed from is supplemented to the extent that appellee is hereby granted an injunction forbidding appellant from performing the functions of the office of Judge of the Juvenile Court for the Parish of Orleans and from interfering in any manner with the exercise of those functions by appellee. As thus amended, the judgment appealed from is affirmed at appellant’s costs.
 

 O’NIELL, C. J., does not take part.
 

 [1]
 

 The pertinent provision declares «* * * rp¡le successors to the judges of said court in office at the time of the final adoption of this amendment to the Constitution shall be elected at the respective nearest Congressional elections preceding the expiration of the respective terms of office of such judges.”
 

 [2]
 

 This statute provides a special summary remedy to persons claiming to have been appointed or elected to the office of Judge of any court of this State and declares that, in cases where he has been commissioned, “such commission shall be prima facie proof of the right of such person to immediately hold and exercise such office.” It further provides that a rule to show cause shall issue returnable within 24 hours; that an appeal may be taken within three days from the rendition-of the judgment and shall be made returnable within five days; „ that the case shall be taken up on appeal by preference over all other cases and that the judgment thereon shall become final after expiration of two legal days.
 

 [3]
 

 “The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.”