MOISE, Justice.
The plaintiff, Arthur J. O’Keefe, Jr., alleging that the defendant, Richard F. Burke, now residing in the Eleventh Ward, Fourth Municipal District of the City of New Orleans, falsely and unlawfully represented himself to be a resident and a duly qualified elector of said ward in the election. held for Assessor of the Fourth Municipal District on January 18, 1955, when, in truth and in fact, the said Richard F. Burke was, during the year 1952, a resident of Houston, Harris County, State of Texas, with his residence listed as 5329 Lapasas Street, and paid his poll taxes there for the years 1952 and 1953 and registered and voted in that city in the presidential election held in November 1952 and did not return to the City of New Orleans until August of 1953 and was, consequently, ineligible to hold said office or to participate in said primary, and the votes cast therein for said Burke were illegal and should not be counted, and that having received the majority of the remaining votes he is entitled to and seeks to be declared (1) the nominee of the office, and, in the alternative, (2) that the election declaring Burke to be the nominee be declared a nullity.
The defendant filed the following exceptions: (1) to the petition and citation, (2) to the jurisdiction of the court rationae materiae, (3) of non-joinder of parties defendant, (4) of no right of action, (5) of no cause of action, (6) of vagueness, (7) of prematurity, and (8) a plea of estoppel.
The trial judge, after hearing argument on the first and second exceptions, while not passing on the first, sustained the exception to the jurisdiction rationae materiae on the ground that the plaintiff failed to avail himself of the provisions of Section 18:307 of the LSA-Revised Statutes of 1950, requiring objection to the candidacy of any person filing application to become a candidate to be filed with the chairman *1029 or the secretary of the committee within five days after the last day upon which notification of intention to become a candidate may be filed, and he dismissed the suit. The plaintiff prosecutes this appeal.
In view of the comparatively short time in which we have to decide cases of this type, the time fixed by law being twenty-four hours from the time the case is submitted, it is practically impossible to make a critical analysis of all of the decisions of this court touching on this subject matter. Suffice it to say that a perusal of all of these cases will show that they are not controlling under the peculiar factual situation reflected by the pleadings in this case, with the exception of the case of Hall v. Godchaux, 149 La. 733, 90 So. 145, in which all of the issues here posed were there raised and disposed of in a very able and exhaustive opinion with Justice Dawkins as the organ of the court. In that case we maintained the trial judge in his ruling that he had jurisdiction of the cause.
 The contention of counsel for the appellee, in which position he was maintained by the learned trial judge, that the legislature, by its adoption of Act 97 of 1922, the pertinent part of which was, in substance, reproduced as originally passed in 1922 in the LSA-Reyised Statutes of 1950 as Section 18:307, has in effect overruled, circumvented, and superseded the decision in Hall v. Godchaux, supra, is untenable.
In the LSA-Constitution of 1921, Article VIII, under the heading, “Suffrage and Elections”, it is made the mandatory duty of the legislature to “enact laws to secure fairness in party primary elections, conventions, or other methods of naming party candidates”, Section 4, and to “provide by law for the trial and determination of contested elections of all public officers, whether State, district, judicial, parochial, municipal or ward * * * which trials shall be by the courts of law * * * ”, Section 12. In the next section, Section 13, it is declared that “No person shall be eligible to any office, State, district, parochial, municipal or ward, who is not. a citizen of this State and a duly qualified elector[1] of the State, district, parish, municipality or ward, wherein the functions of said office are to be performed.”
It necessarily follows that any act of the legislature that would do violence to these articles of the Constitution must fall. Obviously, therefore, that portion of the Revised Statutes adopted with the view of circumventing, superseding, or otherwise restricting the plaintiff’s right to avail him *1031 self of ?- court of competent jurisdiction to espouse a just cause is unconstitutional.
To say that the courts cannot inquire into and are powerless to adjudicate upon the issue here posed, simply because the plaintiff failed to file a protest with the committee within five days following the last day upon which notification of intention to become a candidate may be filed, as required by LSA-Revised Statutes 18:307, would render meaningless and absurd the provisions of the Constitution of 1921 above referred to.
Counsel for the appellee, in brief, rely strongly on the decision of this Court in the case of Reid v. Brunot, 153 La. 490, 96 So. 43, 46, which was also relied on by the trial judge in his reasons for sustaining the exception to the jurisdiction and dismissing the suit. A close study and analysis of that case will show that it not only does not support the contention of the defendant, but, in fact, supports the conclusion reached here. While it is true that in the Reid case it is stated that “The decision in Hall v. Godchaux is not authority for the proposition that the courts have jurisdiction to grant such relief” as was there sought, in that case it was not claimed either that the plaintiff or intervenor was nominated, nor was it claimed that the election was null; rather, the plaintiff and the contestant were claiming that the other had been legally eliminated by virtue of the primary election and they were only seeking to have a so-called “second primary” between the contestant and the defendant. But the court, after a very careful and detailed analysis of the case of Hall v. Godchaux, and in distinguishing that decision from, the one then under consideration, very aptly observed:
“We decided that the plaintiff was not entitled to the nomination, because, in consequence of a majority of the votes having been cast for an ineligible candidate, the election was null. We decided, also, that the plaintiff, as one of the defeated candidates, had a right of action to have the nullity of the election pronounced. In the case before us, it is not claimed either that the plaintiff or the intervenor was nominated, or that the election was null.” (Emphasis added.)
Thus it may be seen that this Court has, in effect, approved of the holding in the Hall v. Godchaux case after giving full consideration to Act 97 of 1922, the pertinent part of which is admittedly identical with LSA-Revised Statutes 18:307.
For the reasons assigned, the judgment of the lower court is annulled and set aside; the plea to the jurisdiction of the court rationae materiae is overruled; and the case is remanded for further consideration in accordance with law and consistent with the views herein expressed.
SIMON, J., concurs.
HAWTHORNE, J., concurs in the decree.
*1033 HAMITER, J., dissents.
McCALEB, J., dissents and will assign written reasons.

. Section 1 of Article VIII provides that to be a qualified elector and entitled to participate in elections in this state, the elector must be not less' than 21 years of age and must, in addition, have been a bona fide citizen of the state for 2 years, of the parish for 1 year, of the ward for 4 months, and of the precinct for 3 months.