HARDY, Judge.
This action was instituted as a judicial appeal from a decision of the Natchitoches Parish Democratic Executive Committee approving the qualifications of Ronald C. Martin as a candidate for City Judge of the City of Natchitoches and Ward 1 of Natchitoches Parish, Louisiana, in the Democratic Primary election to be held July 23, 1960. Plaintiff, Mercer Scott, naming the Natchitoches Parish Democratic Executive Committee and Ronald C. Martin as defendants, prayed for judgment against the said Committee, annulling and setting aside its decision and further decreeing the said Martin to be disqualified as candidate for the named office in the said primary election. After trial there was judgment in favor of plaintiff as prayed, from which the defendant, Martin, prosecutes this appeal. The defendant Committee, being simply a nominal party, has neither appealed nor answered the appeal.
The undisputed facts are that the Parish Democratic Committee called a primary election, for the purpose of nominating a candidate of the Democratic Party for the office of City Judge of the City Court of the City of Natchitoches, to be held on Wednesday, July 23, 1960, and fixed the deadline for qualifying as the hour of 5 :00 o’clock, P.M., on Wednesday, June 8, 1960; on the eighth day of June, prior to the hour fixed, the defendant, Ronald C. Martin, filed his notice of candidacy with the Committee Chairman; on June 13, 1960, the plaintiff, Mercer Scott, fileyd a petition of opposition to the candidacy of the defendant, Martin, copies of which were served upon Martin and upon the Secretary of the Natchitoches Parish Democratic Executive Committee; an additional copy of the opposition was served upon the wife of W. Peyton Cunningham, Sr., Chairman of the Committee, who accepted service and formally certified by written instrument the fact that her said husband was, at the time, in the City of New Orleans for medical treatment; after formal hearing of the opposition at a meeting of the Democratic *768 Committee, at which both the defendant candidate and plaintiff opponent were present and represented by counsel, the Committee adopted a motion approving the qualifications of the defendant, Martin, and denying the opposition to his candidacy; following this action by the Committee, plaintiff opponent filed a proper petition with the Honorable Tenth Judicial District Court in and for the Parish of Natchi-toches.
Defendant Martin interposed an exception of no cause and no right of action predicated upon the contentions that (a) the decision of the Committee was final, and (b) the service of the protest and opposition upon the Secretary of the Committee was not sufficient and adequate compliance with the provisions of law. The exception by consent of all parties, was referred to the merits.
Reducing the opposition to defendant’s candidacy to its simplest substantial element, we find plaintiff opponent’s objection to be based upon the factual claim that the defendant, Martin, has not practiced law in the State of Louisiana for a period of five years, as provided by statute and required by the governing resolution of the Democratic State Central Committee. On this point it is incontrovertibly established that Ronald C. Martin was admitted to practice law in Louisiana on June 10, 1955, and it follows that as of the date of his purported qualification as a candidate on June 8, 1960, he could not have practiced law in the State of Louisiana for a period of five years. The rule for the calculation of statutory provisions related to periods of years has been specifically enunciated by the Supreme Court in State ex rel. Piper v. East Baton Rouge School Board, 213 La. 885, 35 So.2d 804, in which the Court construed the probationary tenure term of three years as meaning three years consisting of twelve months each, computed from the date of the first appointment. On this basis the Court considered that the probationary term of three years, applicable to an appointment made August 20, 1942, expired on August 20, 1945.
In view of the above holding we find it unnecessary to consider the additional contention 'advanced by plaintiff-opponent to the effect that defendant had not practiced law in Louisiana for a period of five years, inasmuch as he had been absent in military service for approximately two years after his admission to practice.
The record contains a certified copy of a resolution of the Democratic State Central Committee which provides, inter alia:
"Each candidate shall be eligible * * * to be elected to and to take the office for which he is a candidate, at the time he files his application for candidacy
In Sanders v. Twenty-Eighth Judicial Dist. Democratic Executive Committee et al., La.App., 73 So.2d 629 (writs denied), this Court held that a resolution of the State Central Committee of a political party providing that candidates should be eligible under the qualifications prescribed for office by the Constitution or Laws of the State, required the possession of such qualifications as of the time of candidacy, as well as at the time of election to office. The resolution of the State Central Committee in the Sanders case was neither as specific nor as conclusive as the -resolution in the instant case, which particularly requires the possession of the legal qualifications at the time of filing of the application for candidacy. We cannot see that the facts in the instant case necessitate further consideration or more elaborate discussion on this point.
It is urged on behalf of defendant that the State Central Committee is not a continuing body, and, accordingly, that the resolution, shown by the certificate to have been adopted September 5, 1959, was not in effect in June, 1960, at which time a newly constituted State Central Committee had taken office.
Frankly, this argument is so tenuous and unreasonable that it hardly justifies notice. We think it is generally accepted that the rules and regulations of any leg *769 islative or administrative body continue in' effect despite changes in the composition of said group. We think the point is covered by LSA-R.S. 18:294, which provides, in part:
“The state central committee may adopt for its government and for the government of any committee in this Part authorized to be created, any rules and regulations not inconsistent with the constitution and laws of the state or of the United States.”
Certainly the adoption of rules and regulations, until altered or rescinded, must continue in effect. To hold otherwise would be to invite the utmost confusion and uncertainty in the conduct of primary elections.
Additionally, it should be noted that the question raised is susceptible of proof, and the burden rested upon defendant to support his contention by tendering evidence of any change in the rules and regulations of the State Central Committee. No such effort was made and, it must be assumed, for the very good reason that such evidence did not exist.
Finally, we give brief consideration to the grounds of defendant’s exception. The decision of any.committee of a political party is final only if the ground upon which the. action was predicated was just arid reasonable. As we stated in the Sanders case, cited supra, the action of party committees should not be disturbed unless they are clearly unreasonable or arbitrary.
Defendant’s objection to the service of the protest and opposition is untenable for several reasons. The statute, LSA-R.S. 18:312 provides that the objection may be filed with the Secretary if the chairman is not available. In the instant case there is no question as to the filing with the Secretary. The record establishes the fact that the Chairman was absent from the Parish at the time of filing of the protest, and therefore was “not available”. Finally, it is noted that the defendant appeared before the meeting of the Committee at which the protest was considered, and, so far as the record discloses, made no objection to the nature or manner of filing of the opposition.
The action of the Parish Committee in the instant case, which refused to uphold plaintiff’s protest and opposition was manifestly erroneous and therefore cannot be sustained. To hold otherwise would be equivalent to rendering null, void and of no effect the provisions of the statute which specifically permit judicial appeals from the action of party committees.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.