PER CURIAM.
Under our supervisory jurisdiction writs were granted in order to review the judgment of the lower court dissolving a temporary restraining order, rejecting plaintiffs’ demand for preliminary and permanent injunction and dismissing the suit at plaintiffs’ costs.
Plaintiff, Riddle, and defendant both sought the Democratic nomination for the office of District Attorney of Avoyelles Parish. Defendant won the second democratic primary against plaintiff, the incumbent, and was unopposed in the recent general election. Charles A. Riddle, Jr., individually and as District Attorney for the Parish of Avoyelles and Richard A. Gremil-lion filed this suit, after the general election, to have a temporary restraining order issue restraining, enjoining and prohibiting defendant from assuming or attempting to assume the office of District Attorney; to have defendant show cause why a preliminary and permanent injunction should not be issued; and to declare that the election of defendant be declared null and void on the grounds that defendant was not qualified to be District Attorney. The temporary restraining order was dissolved and by agreement of counsel the case was tried on the merits after which the trial judge rejected plaintiffs’ demand for a preliminary and permanent injunction and dismissed the suit.
Several serious issues are raised by this application. Plowever, in view of the short time within which we are required to render this decision we will restrict our decision to the basic question presented, that is, whether or not the defendant meets the constitutional requirements as to qualifications.
That part of our Constitution which is germane to this issue is LSA-Const. Art. 7, § 59, the applicable part being thus :
“ * * * Pie shall be an actual resident of the district and a qualified elector of the same, and shall have practiced law in the State for at least three years. * * * ”
Plaintiff maintains that defendant is not qualified contending that defendant has not practiced law in the state for three years.
Defendant was admitted to the bar July 24, 1956. He was inducted into the Army October 4, 1956 and released from the Army July 3, 1958, whereupon he returned *450 to his home town of Marksville, Avoyelles Parish. Plaintiffs maintain that the fact that defendant was in the army for approximately one year and nine months precludes a finding that he had practiced law in the state for three years since he has been admitted to the bar for only four years and four or five months. Defendant introduced evidence showing that while he was in the Army he did practice law and handled legal matters; that he defended at courts martial; that he continued to represent clients in Marksville; and that he was in Marks-ville approximately 80 days (on leave) during which time he practiced law; that each time he was home he saw his clients and/or those of his father in his father’s office; that he maintained his membership in local bar associations (American Bar Association, Louisiana Bar Association and Avoyelles Parish Bar Association) ; read the advance sheets of the Southern Reporter; confirmed defaults and attended “motion” day in Avoyelles Parish on his leaves, and generally aided his father in his practice.
The Constitution is silent as to what constitutes practicing law, and the jurisprudence is bereft of forensic clarification of the meaning. However, three cases are called to our attention that presented the question. Sanders v. Twenty-Eighth Judicial Dist. Dem. Exec. Com., La.App., 73 So.2d 629 and Scott v. Natchitoches Parish Democratic Exec. Com., La.App., 121 So.2d 766, were cases where the candidate had not been admitted to the bar for the required time on the date of qualification with the local Democratic committee, and were therefore not qualified by the committees. In the Sanders case he would not have been admitted to the bar the required length of time until some two months after the qualification date; in the Scott case the qualification date was just two days short of that date on which he would have been admitted to the bar a sufficient length of time to have qualified. In both cases it was held that they were not qualified to become candidates. In the case at hand, however, defendant has been admitted to the bar since July, 1956 — well over the three year qualification requirement. Therefore, these two cases are readily distinguishable on their facts. In the case of Blessing v. Levy, 214 La. 856, 39 So.2d 84, 89, although the majority opinion did not mention the criteria of “practicing law”, Justice Moise in his concurring opinion did. After stating that the constitutional framers endeavored to organize a government wherein the source of all power was reposed in the people — the people being the principals and the branches of government the agents — further stated that:
“ * * * A recent election was held in this municipality * * *. The successful candidate was to be an agent of the people * * * the qualified electors, approved the power of attorney for * * * [respondent] * * * They rejected the candidacy of the rela-trix. * * * The relatrix having lost the battle of ballots now petitions the court. * * * ”
He then went on to discuss “practicing law” thusly:
“ * * * What constitutes the ‘practicing of law’? If this court knows what every layman knows, then this court should have knowledge. There are two types of practicing lawyers: Those who confine their activities to the trial of cases in the courts; the others, to activities entirely within their offices. The latter may never appear in court, although they are in the true sense of the word ‘practicing lawyers.’ The Constitution did not prohibit Mr. Blessing from being either the one or the other type, and we take it that the rule of right requires a liberal interpretation of the terms ‘practicing law’ and the rule of wrong would be a limitation to the practice by appearances in the courts. * * * ”
Keeping the spirit of Justice Moise’s statements in mind we next turn to plaintiffs’ argument that similar questions have been *451 decided in other states. They contend that, basically, regardless of how commendable one’s duties or the cause of one’s absence from the state similar statutes have been construed to the effect that defendant has not “practiced law” under similar circumstances. We have considered those cases but do not find in them ample or compelling authority for that proposition in the case before us. However, we do find that defendant has practiced law for three years within the intendment of the Constitution.
The Constitution is vague as to what constitutes “practicing law”. However, it does not require that it be continuous; nor that if there be interruptions that they have to be deducted from the total. Furthermore, under our law a person does not lose his legal residence or domiciliary status while he is in the service of his nation, nor his tenure of office, nor civil service status by reason of such service. Then, as the trial judge stated, if such be the case he is still a citizen of the state and his activities while in the service if any way connected with the practice of law or if he is doing any work that might be considered of legal character then that should be considered as the practice of law. There is no quantitative test to be used. It is the quality that the lawyer possesses. In this case that quality is being admitted to the bar and having practiced law for three years in the State. The fact that one may have been physically without the state does not prevent him from having practiced law within the State. The duration of absences, when reasonable, does not remove a lawyer who is admitted to our bar from the category of those who “practice law.” It is quite readily conceivable that one may not be in the State and nevertheless transact a tremendous volume of legal business in the State.
In the case at bar defendant was available to anyone in his hometown in his capacity as a practicing lawyer. He could be contacted through his father’s office (which he had used as his own prior to entering the service) or by mail. As a matter of fact defendant did practice law while in the service as evidenced by the record in precisely the manner above described. He testified that he handled several matters personally and others through other lawyers in what is known in the legal proféssion as “association”. We do not find that the Constitution requires that the lawyer’s name be on pleadings in order to prove that he practices law.
There are innumerable instances that may be perceived where in fact a person may not do or perform any legal business while in actuality be engaged in the practice of law. The fact that he is available, ready, willing and able to practice law of itself should suffice. The fact that no clients or legal business cross his threshold can have no affect on that character that he has acquired upon admittance to the bar. Black’s Law Dictionary, Fourth edition, states that the practice of law is not limited to appearing in court, or advising and assisting in the conduct of litigation, but embraces the preparation of pleadings, and other papers incident to actions and special proceedings, conveyancing, the preparation of legal instruments of all kinds, and the giving of all legal advice to clients. It embraces all advice to clients and all actions taken for them in matters connected with the law. Continued presence within the State is not required in order that one maintain his status as a practicing lawyer. It is not the earning of fees that constitutes practice of law. In the days of the Inn’s of Court in England only nobility (or special others) were admitted. The fee was a mere incident of the practice of law. Taking a more realistic view, that is, that fees are a part of a lawyer’s expectation it is, nevertheless conceivable that one may practice law and yet not receive remuneration. In the case at bar, although the record does not disclose the money value of the remuneration that he received for his services, it does disclose that he received some fees. Therefore, we find no merit in plaintiffs’ contention that defendant failed to *452 produce his records in court. His unre-butted testimony that he did receive remuneration suffices in the absence of a showing that he perjured his testimony.
From our own standards of fair play, candor and considering all of the factors, all of the evidence, and the entire record herein we feel that plaintiff has not shown that defendant has not “practiced law” within the State for three years, but rather find that defendant has shown that he has practiced law within the State for three years within the intendment of the Constitution.
For the foregoing reasons the writs previously issued herein are recalled, the judgment of the trial court reinstated and this suit dismissed. Plaintiffs-relators to pay all costs.
Writs recalled, judgment reinstated and suit dismissed.