McCALEB, Justice
(concurring).
During oral argument the issue was raised as to whether the courts have the right or, as has been sometimes stated, “jurisdiction” to substitute their judgment for that of the Jefferson Parish Democratic Executive Committee in this case as it involves a purely political question. Pursuant, to the discussion, the landmark case of Reid v. Brunot, 153 La. 490, 96 So. 43, was cited in support of the proposition that the courts are without jurisdiction “in the absence of special constitutional or statutory authorization” of matters relating to elections' as those matters belong to the political depart-ment of government.[1]
Aside from my belief that the legal principle upon which Reid v. Brunot rested was discarded in O’Keefe v. Burke, 226 La. 1026, 78 So.2d 161,[2] it is' perfectly clear that that decision does not control this case even if it still stands.
In Reid v. Brunot it was found that neither the Constitution nor the primary law empowered the court to grant relief! • The situation in this case, however, is entirely different because R.S. 18:307 authorizes an opposing candidate to object to the candidacy of another person by filing such objection with the chairman or secretary of *172 the Committee calling the primary. It further provides that such objection shall be heard and decided by the Committee and that “Each party may appeal to any court of competent jurisdiction for relief.” Thus, jurisdiction has been specially conferred upon the courts by the Legislature to review the Committee’s decision and grant such relief as they deem appropriate and just under the particular circumstances involved. This is'exactly what the district court, the court of appeal and this Court has done in the instant case.
. On the merits, I am in accord with the majority opinion.

. In Reid v. Brunot, Judge Reid was claiming that he was entitled to compete in a second primary because Judge Brunot had not received a majority of the legal votes east. The Court held that it was without jurisdiction of. the case because the Primary Election Law then in effect (it has long since been-changed by -the Legislature) limited the contest of elee- • tions to those Cases in which' the party initiating the contest was claiming the nomination and' there was no provision of the law conferring upon the courts jurisdiction of a case when the contestant was merely claiming the right to enter a second primary.

. See dissenting opinion at pages 1033 through 1038 of 226 Louisiana Reports. [226 La. pages 1033-1038, 78 So.2d pages 163-165].