SAMUEL, Judge
(concurring).
I agree with the decree which maintains the exceptions to the jurisdiction of the court over the subject matter and with those portions of the opinion which concern themselves with that jurisdictional question. Plaintiff could have tested Mr. Koppel’s qualifications only as provided by LSA-R.S. 18:307, i. e., by filing written objection, containing detailed reasons for *167 the same, with the chairman or secretary of the committee calling the primary election within five days after the last day upon which notification of intention to become a candidate could be filed. Having failed to exercise this right, plaintiff’s complaint cannot he heard by the courts. Our settled jurisprudence since Act 97 of 1922, § 11, the source of LSA-R.S. 18:307, is that the courts are without juridiction to entertain a suit testing the qualifications of a candidate unless objection to the candidacy has been made before the committee as provided by the statute. Le Blanc v. Hoffmann, 175 La. 517, 143 So. 393; Blessing v. Levy, 214 La. 856, 39 So.2d 84; Yuratich v. Plaquemines Parish Democratic Executive Committee, La.App., 32 So.2d 647; Courtney v. Singleton, La.App., 27 So.2d 448; State ex rel. Tanner v. Duncan, La.App., 10 So.2d 507; Migeot v. Barrilleaux, La.App., 166 So. 157.
The only possible exception to this line of jurisprudence is O’Keefe v. Burke, 226 La. 1026, 78 So.2d 161, and, as pointed out by Judge Levy in his reasons for judgment (see also Mr. Henry G. McMahon in XVI La.L.Rev. 308) that case is distinguishable.
However, Judge Levy’s reasons for judgment, quoted in the body of the opinion, discuss and pass on some matters, such as residential requirements under the Constitution and the City Charter and what would happen if Mr. Koppel was in fact disqualified in this suit, which are not concerned with the jurisdictional question before us. Although different considerations may be applicable to the trial court’s reasons for judgment, once this court has decided there is no jurisdiction we cannot discuss the merits or possibilities which might result from a different conclusion. By quoting the reasons for judgment and thus including these other matters in the body of the opinion a different impression may be given and it should be made very clear that the only matter we have decided, and the sole holding of this case, is that the courts have no jurisdiction over the subject matter.
Accordingly, I respectfully concur.
BARNETTE, J., concurs.