AYRES, Judge
(concurring):
I am in full accord with the findings of the majority as to the merits of this cause and concur in the conclusions reached and in the decree rendered.
Nevertheless, I am of the opinion that the pleas to the jurisdiction of the court and of prescription and the exception of no cause of action are meritorious and should have been sustained.
This action involves the regularity of a second Democratic primary held on December 18, 1971, in House of Representative District No. 2 of Caddo Parish, Louisiana, and the validity of defendant’s nomination for the office by the Democratic Party and his right to compete for that office in the general election to be held on February 1, 1972.
Plaintiff and defendant competed for the Democratic nomination as candidates in the first primary with a third party who, as a result thereof, was eliminated, leaving plaintiff and defendant as the sole contenders for the party nomination to be determined in a second primary. This action involves a question of the nomination by the Democratic Party of its nominee for representative in House District No. 2 of Caddo Parish, Louisiana, to be voted on in a general election to be held on February 1, 1972. It is not contended, nor does the record disclose, there was any object or purpose of this judicial action other than the nomination by the Democratic Party of its candidate and of his right to appear as such on the ballot in the general election.
Appropriate to the pleas and the exception in my opinion are the provisions of LSA-R.S. 18:307, which provide:
“Objection to candidacy; certificate; suit; appeal
“A. Any person who has filed his application to become a candidate, a qualified elector, or a member of any committee calling a primary election may object to the candidacy of any other person. The objection shall be in writing and shall contain, in detail, the reasons for the obj ection.
“The objection shall be filed with the chairman or the secretary of the committee within five days after the last day upon which notification of intention to become a candidate may be filed.
*498 “B. At the time of the filing the party making the objection shall file a certificate with the chairman or the secretary, in which he shall specifically declare that he has served or caused to he served upon the person whose candidacy he is objecting to an exact copy of the protest or objection, and shall state the time and the place such service was made. The service of the objections and protests shall be personal or domiciliary.
“The person whose candidacy is thus objected to has forty-eight hours within which to file his answer.
“C. Within seventy-two hours after the answer has been filed the committee shall convene and hear the evidence offered by any of the parties or their counsel, and within twenty-four hours after the hearing is closed shall render its opinion. Each party may appeal to any court of competent jurisdiction for relief. If suit is filed by either party to have the decision or ruling of the committee annulled or set aside, the committee is a necessary party, and service of a copy of the petition and a copy of all other court proceedings shall be made upon its chairman or the secretary. The jurisdiction of the court, the time within which suit must be filed, the delay for answering, the method of procedure and trial, the time within which a decision shall be rendered by the lower court, the time within which an appeal may be taken and prosecuted, and the time within which the appellate court must render a decision, shall, as far as practicable, be as is hereinafter provided for contesting elections.”
With respect to the aforesaid provisions of the law, it appears appropriate to point out that plaintiff does not contend, nor does the record disclose, that he objected to defendant’s candidacy at any time, either before or after the first primary. Thus, the only basis upon which the jurisdiction of either the trial court or any appellate court may be invoked lies in instances where the appropriate Democratic Party Committees have failed to perform a ministerial act. The record is void of any contention or proof of any ministerial duty which the party committee was obligated to perform but failed to do. The statute, the provisions of which are quoted above, prescribes certain acts to be asserted by a candidate within specified delays in objecting to or protesting the candidacy of any other person as a prerequisite to the institution of judicial proceedings to determine the opposing candidate’s qualifications. None of these prerequisites are asserted or were proved to have been performed by plaintiff.
Thus, it occurs to me that plaintiff could have tested defendant’s qualifications only as provided by the terms of the aforesaid statute, that is, by filing a written objection detailing reasons for the same with the Chairman or the Secretary of the Committee calling the primary election within five days of the last day upon which notification of intention to become a candidate could be filed. Having failed to exercise this right, plaintiff is not entitled to have his complaints heard in the courts.
The jurisprudence seems to be fairly well settled that, since the enactment of Act 97 of 1922, Section 11, which is the source of LSA-R.S. 18:307, the courts are without jurisdiction to entertain an action testing the qualifications of a candidate unless objection to his candidacy has been made before the Committee as and within the delay provided by the statute. Le Blanc v. Hoffmann, 175 La. 517, 143 So. 393 (1932); Blessing v. Levy, 214 La. 856, 39 So.2d 84 (1949). See, also, Labouisse v. Koppel, 229 So.2d 161 (La.App., 4th Cir. 1969 — writ refused), wherein the above-stated principle of law was upheld. It may be noted that the only possible exception to this line of jurisprudence is O’Keefe v. Burke, 226 La. 1026, 78 So.2d 161 (1955), and, as pointed out by Judge Regan, of the Fourth Circuit, in quoting from Judge S. Sanford Levy, as the trial judge, and which has been pointed out by the late *499 Henry G. McMahon in XVI La.L.Rev. 308, that case is distinguishable from the La-bouisse case, which is likewise, in my opinion, distinguishable from the instant case. From any adverse action by the Party Committee, the statute, after its provisions have been complied with, affords any aggrieved party or candidate appropriate, adequate relief in court. The statute thus complies with the constitutional requirements.
Hence, plaintiff, having failed to comply with statutory requirements, the court is without jurisdiction, and plaintiff’s petition discloses no cause of action, and, moreover, whatever cause he had, if any, has prescribed.