SCHOTT, Judge.
Defendants, John S. Treen, Kenneth C. Hughes, and The Jefferson Parish Republican Qualification Committee, have appealed from a judgment in favor of plaintiff on his objection to the candidacy of Treen for Councilman, Districts 3 and 4, of the Parish of Jefferson. Plaintiff’s objection was on the basis that Treen did not have the residence requirements prescribed by the Home Rule Charter for Jefferson Parish.
The last day upon which these candidates could file notification of their intention to become such was August 7, 1975, and plaintiff’s suit was filed on August 18. Thus, the threshold issue is whether or not plaintiff’s suit should have been dismissed since it was not filed within five calendar days after August 7 as required by LSA-R.S.' 18:396.
In. the trial court this issue was raised in defendants’ answer and in an exception of prescription. The trial judge 'considered the problem as one of prescription and overruled the exception on the basis of the doctrine of contra non valentem which provides that prescription will not defeat a cause of action if the plaintiff did not have sufficient information ’to sustain a claim during the original prescriptive term and such lack of information was not the result of his negligent or willful inaction and/or that such inaction was induced in part by the party pleading the prescription.
Pretermitting the question of whether this is a problem of prescription- or peremption, we do not find that the. facts support the application of the doctrine of contra non valentem. As we stated in Tassin v. Allstate Insurance Co., 310 So.2d 680 (La.App. 4th Cir. 1975), writ refused, La., 313 So.2d 836, the facts in any case must be compelling to bring the case within that class of sitation adequate to suspend the running of prescription and plaintiff’s evidence was not such. The gist of his testimony was that he did not become suspicious that defendant was not a resident until the five day period had already run. But this does not excuse him from conducting a timely investigation. We perceive that the legislature intended for those who would object to the candidacy of others to be required to make a rapid investigation and prepare themselves to file suit with no delay whatsoever as a condition for bringing a formal objection to another’s candidacy.
Plaintiff’s argument that his position is supported by Jones v. Texas & Pacific Ry. Co., 125 La. 542, 51 So. 582, is likewise without merit. The doctrine emerging from that case is to the effect that while the facts supporting a cause of action may exist, prescription does not run where the cause cannot be successfully prosecuted. Plaintiff contends that because R.S. 18:396 requires that an objection to one’s candidacy must “contain, in detail, the reasons for the objection,” the time element was such that it was impossible for such detailed reasons to be discovered and elucidated in a petition. Like the doctrine of contra non valentem we find that the principle is not supported by plaintiff’s facts. The evidence is not convincing that plaintiff could not have discovered the information on which he relies had he investigated Treen’s background with more promptness and diligence.
In any event, we do not view plaintiff’s problem as one of prescription but rather of peremption. In Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, the Court discussed the distinction:
“When a statute creates a right of action and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the *98 cause of action no longer exists; it is lost. Taylor v. Coal Co., 94 N.C. 525; Cooper v. Lyons, 9 Lea, 596.”
In the instant case plaintiff’s cause of action under R.S. 18:396 was lost after the passage of five days because of per-emption and the exceptions to the law of prescription do not apply to his case.
The more troublesome argument advanced by plaintiff against dismissing his suit because it was not filed timely is that the five day limitation on objections is unconstitutional. Art. 6, § 4 of the Constitution of 1974 clothes the Home Rule Charter of Jefferson Parish with continued authority and viability. Section 2.03A. of that Charter provides that ‘‘All Council members shall reside in and be qualified voters of the Parish, and those elected from Council Districts shall reside in and be qualified voters of their respective Districts.” There are no provisions in the Charter requiring that challenges to one’s candidacy on the basis of these residential requirements must be brought within a certain time or otherwise lost. Thus, plaintiff asserts that R.S. 18:396 (Act 1 of 1975) is an unconstitutional infringement by the legislature upon the Jefferson Parish Home Rule Charter in violation of Art. 6, § 6 of the Constitution which prohibits the legislature from changing or affecting the structure and organization of the Jefferson Parish government. Plaintiff argues that if the statute prevents him from bringing to the Court’s attention defendant’s lack of residence qualifications, defendant, who was otherwise allegedly unqualified, became qualified because of the passage of five days and that the legislature cannot do indirectly by R.S. 18:396 that which it is prohibited from doing directly.
The answer to plaintiff’s argument is several fold. In the first place the fact that there are residence requirements in the Charter suggests that there must be some method available for challenging the candidacy of one who does not possess these qualifications. The silence of the Charter and the same silence in the Constitution with respect to state offices indicate that it was the intention of the framers of the Constitution to leave the mechanics or the remedy to the legislature. In the second place, to suppose that the framers of the Constitution intended otherwise would lead to the absured conclusion that the framers of the Constitution intended that challenges as to qualification of candidates could be made at any time before, on and after election day with consequences adverse to and perhaps disruptive of a free and orderly election process. Finally, in the absence of a specific legislative act providing the courts with jurisdiction over these disputes it is certainly arguable that the courts would have no jurisdiction at all. That which the legislature has provided in the way of jurisdiction can certainly be provided under certain conditions and within certain limitations. It is for the courts to operate strictly within the bounds of such limitations under these circumstances.
We have considered the case of O’Keefe v. Burke, 226 La. 1026, 78 So.2d 161, which upon initial examination appears to support plaintiff’s argument that the five day limitation is inconsistent with the Constitution. In the first place, the cited case can be distinguished on its facts as discussed by this Court in Labouisse v. Koppel, 229 So.2d 161 (La.App. 4th Cit. 1969), writ refused, 254 La. 1165, 229 So.2d 350. In the second place the cited case was concerned with the failure of a candidate to file a protest with a Committee within five days following the last day for qualification, vis-a-vis, the right of the court later to consider a suit contesting such qualifications whereas the instant case is concerned with a statutory limitation on the time within which the suit itself may be brought before the court.
Having concluded that plaintiff’s suit was not timely filed, we do not reach the merits of his case attacking the candidacy of Treen on the basis of his alleged lack of *99 residence in Jefferson Parish. Because he did not bring his suit within five days after August 7, 1975, as required by the statute upon which he relies plaintiff was precluded from bringing his suit.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of defendants - and against plaintiff dismissing his suit at his cost.
Reversed and rendered.
BOUTALL and LEMMON, JJ„ concur with written reasons.