HALL, Judge.
This suit was brought by McHenry Hardy, Jr. and S. P. Pouncey seeking to annul and set aside a decision of Representative District Democratic Committee No. 2 and seeking to have Alphonse Jackson, Jr., declared ineligible as a candidate for democratic nomination to the Louisiana House of Representatives from Representative District No. 2. Named defendants were Jackson, Representative District Democratic Committee No. 2 and the individual members of the Committee. On his own motion, plaintiff Pouncey subsequently withdrew from the case and was dismissed as a party plaintiff.
The district court, with written reasons, sustained an exception of no cause and right of action filed on behalf of defendant Jackson, and rejected the demands of plaintiff Hardy, with the effect of dismissing the suit.
Hardy appealed to this court. We affirm the judgment of the district court.
Representative District No. 2, composing a part of Caddo Parish, was created by the single-member plan of reapportionment of the Louisiana Legislature adopted by judgment of the United States District Court for the Eastern District of Louisiana dated September 10, 1971. Defendant Jackson, and three other residents of the newly-created district, filed as candidates with the District Democratic Committee during the qualifying period, September IS and 16.
*648 On September 17 and 18, objections to the candidacy of Jackson were timely filed by three persons alleging themselves to be qualified electors of Representative District No. 2. The basis of the objections was that Jackson was not an actual resident of District No. 2 for at least two years immediately preceding the election as required by Article 3, Section 9 of the Louisiana Constitution. Section 9 provides :
“Section 9. * * * no person shall be eligible to the Legislature unless at the time of his election he has been a citizen of the State for five years, and an actual resident of the district or parish or ward of the parish of Orleans from which he may be elected for two years immediately preceding his election. * sfc Jji »
Jackson filed answers to the objections and on September 21 the Committee held a hearing to consider the objections. Evidence was taken and transcribed. The evidence shows that prior to July, 1970, Jackson resided at 106 West 87th Street in Shreveport, which address is not within the area now included in District No. 2. Since July, 1970, Jackson has resided at 108 Plano Street in Shreveport, which address is within District No. 2.
During the course of the testimony of Hardy, it was developed that Hardy moved from one precinct to another approximately six years ago, but never changed his registration from the precinct in which he previously resided. Both precincts are located within District No. 2. When these facts were brought out, counsel for Jackson objected to Hardy’s capacity to protest Jackson’s candidacy before the Committee in that Hardy was not "a qualified elector” as required by R.S. 18:307. This statute provides:
“A. Any person who has filed his application to become a candidate, a qualified elector, or a member of any committee calling a primary election may object to the candidacy of any other person. The objection shall be in writing and shall contain, in detail, the reasons for the objection. * * * ”
The taking of evidence was concluded and the hearing recessed until late afternoon at which time the Committee rendered its decision overruling the objections to Jackson’s candidacy and ruling that his name be placed on the ballot for the November 6 primary.
On the same day, after the hearing was recessed and prior to the decision of the Committee being announced, Hardy changed his precinct registration by appropriate application to the Registrar of Voters.
In overruling the objections to Jackson’s candidacy, the Committee, in a written decision, in effect ruled that Jackson was qualified in that he satisfied the residency requirements of Louisiana law as of the date of the federal court judgment creating the new district and actually resided in the new district on that date. The Committee did not consider or pass on Hardy’s capacity to object, as it also had before it the objection of Pouncey, whose capacity as a qualified elector was not questioned. The third objector did not appear at the hearing and did not join in the suit.
On September 23, Hardy and Pouncey timely filed suit to set aside the Committee’s decision. The Committee filed a motion to stay based on the pendency of a suit in East Baton Rouge Parish allegedly involving the same issues. Defendant Jackson filed an exception of no cause or right of action attacking the constitutionality of Article 3, Section 9 of the Louisiana Constitution as violating the equal protection clause of the Federal Constitution. Defendant Jackson also filed an exception of no cause or right of action contending (1) that plaintiff Hardy was not a “qualified elector” at the time of filing his objection or at the time the evidence was submitted to the Committee and the hearing closed; (2) that after changing his precinct registration Hardy failed to refile *649 his objection which he still had time to do under the law; and (3) that Hardy, therefore, had no capacity to bring this suit, having failed to fulfill the requirements of R.S. 18:307.
The case was heard on all exceptions and on the merits by the trial judge who, in a well-reasoned written opinion, sustained the exception of no cause or right of action directed at plaintiff Hardy’s lack of capacity or standing to file an objection with the party committee or to institute this suit.
The procedure for objecting to the qualifications of a candidate in a party primary election is governed by R.S. 18:307. Objections may be filed only by another candidate, “a qualified elector” or a member of the Committee calling the election.
Article 8, Section 1 of the Louisiana Constitution sets forth the qualifications of electors. Among these qualifications are the requirements that:
“(a) Residence. He shall have been an actual bona fide resident of the State for one year, of the parish six months, of the municipality in municipal elections four months, and of the precinct, in which he offers to vote, three months next preceding the election; provided, that removal from one precinct to another in the same parish shall not operate to deprive any person of the right to vote in the precinct from which he has removed until three months after such removal, * *

“(b) Registration. He shall be, at the time he offers to vote, legally enrolled as a registered voter on his own personal application, in accordance with the provisions of this Constitution, and the laws enacted thereunder.”
R.S. 18:137 provides that a registrant moving from one precinct to another and therein continuously residing for three months shall have the registration records changed accordingly to correspond with his new residence, by making affidavit of change of residence and in the manner provided by R.S. 18:34.
Having moved from one precinct more than three months previously, Hardy was ineligible to vote in that precinct. Not having changed his registration to the precinct in which he had resided for more than three months, Hardy was not legally enrolled as a registered voter in that precinct and was ineligible to vote there. Hardy was not, therefore, a qualified elector at the time his objection was filed with the party Committee and the hearing held.
After Hardy changed his registration through proper application to the Registrar of Voters, he met the requirements of “a qualified elector.” The time for filing objections to the candidacy of Jackson had not expired and Hardy could have then filed his objection. He did not do so. Consequently, the procedural requirements of R.S. 18:307 have not been fulfilled, that is, no objection was timely filed with the Committee by a qualified elector. Compliance with the procedures set forth in R.S. 18:307 is a necessary prerequisite to maintaining an action contesting the qualifications of a candidate in a primary election. LeBlanc v. Hoffmann, 175 La. 517, 143 So. 393 (1932); Labouisse v. Koppel, 229 So.2d 161 (La.App. 4th Cir. 1969).
Counsel for plaintiff argues that to have refiled his objection to Jackson’s candidacy with the Committee would have been a vain and useless act in view of the Committee’s decision on the issue involved. It may be that there would have been little hope of changing the Committee’s decision on the merits of the objection, but nevertheless the procedure provided by R.S. 18:307 must be pursued and exhausted before any right to a court review arises.
Counsel for plaintiff cites O’Keefe v. Burke, 226 La. 1026, 78 So.2d 161 (1955) in which the court held a failure to file objections under R.S. 18:307 did not limit a candidate’s constitutional right to judicially contest the election of another candi *650 date. O’Keefe involved a contest after an election and the qualification of the candidate to take the office to which he was elected. That case is distinguishable from the instant case involving objections to the qualifications of a candidate in a party primary election.
For the reasons assigned, the judgment of the district court sustaining the exception of no cause or right of action is affirmed, at plaintiff-appellant’s cost.
Affirmed.