| t STEWART, J.
Plaintiff, Kenneth Fletcher Booth, challenged the qualifications Larry Jefferson as candidate for the position of Monroe City Court Division A. Formerly a Monroe City Court Judge, Jefferson was removed from judicial office pursuant to the order of the Louisiana Supreme Court rendered on January 19, 2000 in In re Judge Larry D. Jefferson, 99-1313 (La.1/19/00), 753 So.2d 181. Mr. Booth based his challenge on Rule XXIII, § 26 of the Louisiana Supreme Court, which states that any former judge who has been removed from office by the Supreme Court pursuant to La. Const, art. 5, § 25(C) is not eligible to become a candidate for judicial office until certified by the Louisiana Supreme Court. After five years from the date of removal, a former judge may file a petition for reinstatement of eligibility to seek judicial office with the Judiciary Commission. When such a petition is filed, the Supreme Court ultimately reviews the recommendation of the commission and issues an order either granting or denying a former judge certification of eligibility to seek judicial office. Citing these legal provisions, the trial court found that Larry Jefferson was prohibited by law from becoming a candidate. For the following reasons, we vacate the district court’s judgment.
FACTS
At trial, Booth represented himself, while Jefferson was represented by counsel. At the beginning of the trial, the court noted that it had reviewed exceptions of nonjoinder of necessary parties and no cause of action, filed by Jefferson. The court overruled the exceptions and Jefferson was called on cross-examination by Booth. Jefferson admitted to being removed from judicial office by the Louisiana Supreme Court on January 18, 2000. Jefferson also admitted that he had not applied to the Louisiana Supreme Court for “re-certification” so as to be eligible to run for judicial office. On direct examination, Jefferson testified that he was familiar with Rule XXIII, § 26 of the Louisiana Supreme Court, but that he [^understood it to be “a rule of court and not statutory law nor constitutional law.” He also stated that he understood that if it were considered a statute it would require “justice department approval under 42 U.S.C.1973. C.” Finally, Jefferson testified that he possessed all the qualifications listed in the election laws of the State of Louisiana. At this point, Booth rested his case.
When called on cross-examination, Booth stated his name, gave his address as “1802-C Woodhaven Drive,” and stated that he was employed in Monroe as a broadcast journalist. When asked if he recently had declared his removal of domicile to Phoenix, Arizona, he responded in the negative. Jefferson’s counsel then proceeded to ask him various questions concerning the difference between a law and a rule of court, as well as questions concerning pre-clearance under the Voting Rights Act.
Finally, William J. Hodge, the Ouachita Parish Clerk of Court, was called as a witness, and testified that he had qualified Jefferson to run, but did not do research on any candidate who came in to qualify. This appeal followed.[1]
*1251 I «DISCUSSION
The threshold issue raised by appellant concerns the fact that Booth never proved he had standing to challenge Jefferson’s qualifications as a candidate. The provisions of La. R.S. 18:491, entitled “Standing to Object to Candidacy,” state:
A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
Likewise, the provisions of La. R.S. 18:1401(A) state:
A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.
These provisions show that a person who is not qualified to vote in a particular election is not qualified to object to the candidacy of an individual running in that election. In instances where an individual lacks standing to object to candidacy, the proper procedural vehicle for objecting to standing is the peremptory exception of no right of action. Although Jefferson did not raise such an exception in the trial court, we observe that an objection to the right or interest of a plaintiff to institute a suit may be noticed by the appellate court on its own motion. La. C.C.P. art. 927(B). We farther observe that in this case Booth neither asserted in his petition, nor proved at trial, that he was a “qualified elector” or a “registered voter” .in the election, in which Jefferson qualified as ■ a candidate. In his petition objecting to candidacy, Booth merely, alleged that he was a “major domiciliary of Ouachita Parish, Louisiana.” As previously mentioned, at trial Booth merely gave his street address and denied moving his domicile to Phoenix, Arizona. After re-* viewing the entire record we find it to be totally devoid of any evidence showing that Booth is a qualified elector or registered voter, much less qualified to vote in the election for which Jefferson qualified as a candidate.
|4In Hardy v. Jackson, 253 So.2d 647 (La.App. 2d Cir.1971), the court sustained an exception of no right of action where an individual bringing an election challenge was found not to be a qualified elector entitled to object to qualification of a candidate in a party primary election. As in Hardy, we conclude that plaintiffs challenge herein must be rejected for failure to disclose a right or interest in the plaintiff, to institute the suit. Accordingly, the judgment of the trial court is hereby vacated at appellee’s cost.
VACATED.
BROWN, J., concurs with reasons.
DREW, J., concurs for reasons assigned by J. BROWN.

. Because this Court was concerned over the legal issue of whether the matters that are the subject of this appeal fall within the continuing jurisdiction of the Louisiana Supreme *1251 Court under its exclusive original jurisdiction in judicial disciplinary proceedings, this Court certified the following question to the Louisiana Supreme Court pursuant to the provisions of La. Const, art. V, § 11:
Where a judge has been removed from office by order of the Louisiana Supreme Court under its constitutional authority, and that judge subsequently seeks election to judicial office in violation of the provisions of Louisiana Supreme Court Rule XXIII, § 26, should an .intermediate appellate court exercise jurisdiction over issues concerning the former judge’s qualifications, or should the Louisiana Supreme Court exercise jurisdiction?
In response, the Louisiana Supreme Court denied certification. However, the court stated in a per curiam:
This court has exclusive original jurisdiction, upon recommendation of the Judiciary Commission, to censure a judge, to suspend or remove a judge from office, or to retire a judge involuntarily.
The present matter is an action objecting to the candidacy of a judicial candidate, which was properly filed in the district court, and the judgment of the district court declaring a candidate ineligible, based on eligibility requirements of either a statute or a Supreme Court rule, is properly reviewed through the normal appellate process.