966 So.2d 718 (2007)
Don BURKETT, District Attorney, Plaintiff-Appellee
v.
Deabraid A. LEWIS, Defendant-Appellant.
No. 42,985-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2007.
*719 Seabaugh, Benson, Keene, Denny & Gerhardt, by Bryce J. Denny, Shreveport, for Appellant.
Richard Z. Johnson, Jr., Baton Rouge, for Appellee.
Before WILLIAMS, STEWART, CARAWAY, PEATROSS and DREW, JJ.
CARAWAY, J.
This appeal is taken from a judgment disqualifying defendant, Deabraid A. Lewis, as a candidate for the DeSoto Parish Police Jury. For the following reasons, we reverse.

Facts
On September 13, 2007, DeSoto District Attorney Don Burkett (the "District Attorney") filed a petition to disqualify Lewis as a candidate for the DeSoto Parish Police Jury representing District 4C. The petition alleged that Lewis was disqualified to run for this office because he had not been domiciled in Police Jury Election District 4C for the preceding year as required by law. See La. R.S. 33:1225 and La. Const. art. 3, § 4(A). The petition further alleged that two persons, Shekina Brown and Martin Zebbs, had reported Lewis's disqualification to the District Attorney, and their notarized letters to that effect were attached to the petition.
On September 17, 2007, the matter came on for hearing. Lewis, who had no attorney, identified two residences in Mansfield which he owned, one in each ward. After considering the evidence adduced, the court announced that Lewis was disqualified because he did not meet the domicile requirement. The judgment of disqualification was signed later that day. The judgment was filed at 11:29 a.m. A handwritten notation later added by the judge to the judgment stated, "Signed in Many, Louisiana at 10:00 A.M."
On September 18, 2007, at 11:07 a.m., Lewis filed his motion for appeal. The motion stated that the time of the judgment was not indicated on the judgment, but that the judgment was received and filed by the clerk of court at 11:29 a.m. An order granting the appeal was then signed and filed at 11:45 a.m., requiring a bond in the amount of $1,500. The record indicates that the bond was filed at 1:22 p.m. the next day, September 19, 2007.

I.

Untimeliness of the Appeal
The first challenge to the appeal concerns its timeliness. Lewis filed the appeal within 24 hours of the filing of the court's judgment, but after 24 hours from its actual rendition. Lewis asserts and the record reflects that the judgment filed at 11:29 a.m., September 18, 2007, did not have the trial judge's notation of his actual signing of the judgment which occurred at 10:00 a.m. in another parish. Notice of that judgment, without the trial court's notation of its rendition, was given by the clerk of court to Lewis.
Concerning the motion for appeal, La. R.S. 18:1409(D) provides as follows:
Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not to exceed three days after rendition of judgment.
In Lewis's motion for appeal, he stated that "the time of the judgment was not indicated on the judgment." The District *720 Attorney does not dispute that the judgment as originally signed and filed did not reflect the time of its rendition. Lewis received notice of that judgment and acted accordingly. Under these circumstances, the filing of the motion for appeal within twenty-four hours of the judgment's filing with the clerk of court shall be considered timely.

II.

Timeliness of Appeal Bond
Though the motion for appeal was filed at 11:01 a.m., 28 minutes before the running of the initial 24-hour period following judgment, the trial court did not sign the order for appeal and fix the appeal bond until 11:45 a.m. The appeal bond, therefore, was not filed within the twenty-four hours contemplated by Section 1409(D) of the Election Code. The District Attorney claims that this is fatal to the appeal and further notes that the $1,500 bond was not posted until 1:22 p.m. on September 19, 2007, almost 26 hours after the trial court fixed the bond. Lewis asserts that he did not know of the amount of the appeal bond within the 24-hour period and could not therefore post the bond.
Unlike the bond for a suspensive appeal to secure enforcement of a civil judgment, the appeal bond required under Section 1409(D) is to protect the clerk of court, which, through an expedited process, must prepare the record for immediate lodging at the court of appeal. The protection for the clerk's costs in a civil appeal is generally provided for by La. C.C.P. art. 2126 and, ordinarily, untimeliness concerning payment of those costs does not automatically result in the loss of the right of appeal. The right to suspensive appeal is lost by untimeliness in the filing of the bond.
In this case, the record was ordered to be lodged no later than September 20, but, in fact, the clerk lodged the record at 2:19 p.m. on September 19, only 57 minutes after the posting of the appeal bond by Lewis. The risk of payment of the clerk's costs and the delay in the filing of bond to insure against that risk obviously did not prevent the clerk of court from its diligent work for the lodging of the record in this case. If the record had been delayed and the expedited process of this election case appeal affected, the appeal would be subject to dismissal. Nevertheless, with the timely motion for appeal and the law's favoring of appeals, we do not find the appellant's timing of its filing of the bond for costs crucial in this case.

III.

No Cause or No Right of Action
Lewis asserts that the District Attorney's petition and his proof at trial were insufficient in that it failed to show the standing of the District Attorney to act in this election dispute. He cites Booth v. Jefferson, 34,446 (La.App. 2d Cir.9/6/00), 765 So.2d 1249 for authority for the peremptory exception of lack of standing of the plaintiff for this action.
La. C.C.P. art. 927(B) provides for the peremptory exceptions and the court of appeal's right to consider a peremptory challenge, as follows:
B. The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of a party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.
The standing to bring election challenges against a candidate is addressed in La. R.S. 18:491, as follows:

*721 A. A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary or first party primary election for an office for which the plaintiff is qualified to vote.
B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
Citing this provision, Lewis further contends that the importance of a registered voter's participation in an election challenge is still an essential element of the District Attorney's standing so that his office is not entirely free to become involved in a political dispute.
In this case, the petition made the following allegation:
2.
This office has been presented with two (2) affidavits dated September 13, 20097, and signed by Shekina Brown and Marti Zebbs, respectively both alleging the aforesaid candidate is not domiciled within the district in which he has qualified. Said affidavits are attached as Exhibits A and B.
There is no other allegation in the petition stating that Shekina Brown and Marti Zebbs were registered voters. Ms. Brown testified at trial but did not identify herself as a registered voter. The "affidavits" (notarized "to whom it may concern" statements) attached to the petition did not identify the two parties as registered voters.
Section B of La. R.S. 18:491 was added in 2003. The entire provision is labeled "Standing to object to candidacy." The importance of a registered voter as the party to challenge a candidate is still a part of the newly allowed action by the District Attorney. The petition and evidence presented at trial do not evidence that registered voters of DeSoto Parish have objected to Lewis's candidacy. Accordingly, as in Booth, supra, we find that the District Attorney's action is subject to a peremptory challenge, which we hereby sustain.

Conclusion
The judgment of the district court denying the candidacy of Deabraid A. Lewis is hereby reversed. Costs of appeal are assessed to plaintiff.
REVERSED.
WILLIAMS, J., concurs for the reasons assigned by STEWART, J.
STEWART, J., concurs with written reasons.
STEWART, J., concurring.
We concur in order to address the issue of standing and in order to express our concern about the degree of involvement by the trial court in aiding the district attorney's presentation of the case and about the trial court's abridged procedure with respect to the pro se defendant's presentation of his case.

STANDING
Citing Booth v. Jefferson, 34,446 (La. App. 2d Cir.9/6/00), 765 So.2d 1249, Lewis argues that the district attorney lacked standing to bring the objection to candidacy. We find this argument has merit. The provisions of La. R.S. 18:491 state in pertinent part:

*722 A. A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary or first party primary election for an office for which the plaintiff is qualified to vote.
B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
Similarly, the provisions of La. R.S. 18:1401(A) state:
A. A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.
In Booth, the threshold issue raised by the defendant was whether the plaintiff had standing to challenge the defendant's qualifications as a candidate; the plaintiff had neither asserted in his petition, nor proved at trial, that he was a "qualified elector" or a "registered voter" in the election. After reviewing the record and finding it totally devoid of evidence to show the plaintiff was a qualified elector or registered voter, we rejected the plaintiff's challenge for failure to disclose a right or interest in the plaintiff to institute suit.
The only significant difference between the instant case and Booth, supra, is that this objection to candidacy was brought by the district attorney, rather than by a registered voter. However, the above-quoted language of the statute shows that regardless of whether the action is brought by a registered voter directly, or is brought by the district attorney based on evidence presented by a registered voter, standing to object to candidacy must rest ultimately with a registered voter; a district attorney acting solely on his own has no standing to object to candidacy. Thus, when the record is devoid of any evidence of standing, as was true in Booth and is true in this case, the objection to candidacy must be rejected.

IMPARTIALITY
A judge must perform the duties of his office impartially and diligently, and while a judge understandably will occasionally ask questions during trial, there is an importance between asking questions that help clarify, and asking questions that effectively favor one side by revealing a flaw in that side's case that then can be remedied; such help can affect the outcome of the case and has no place in our adversarial system.
In this case, we particularly note the trial court's pointing out the need for evidence concerning the location of the district lines, and after receiving evidence on that subject, without any explanation of procedure to Lewis, simply asking if there was any more evidence, declining to wait on the one piece of evidence mentioned by Lewis, and proceeding to announce the disqualification judgment.