WILLIAMS, J.
 

 |, This is an appeal by Larry Pernell Jones from a judgment disqualifying him as a candidate for the office of Chief of Police for the Town of Ringgold. For the following reasons, we reverse.
 

 
 *839
 
 On July 8, 2010, Mr. Larry Jones filed with the Bienville Parish Clerk of Court a notice of candidacy for the office of Chief of Police of the Town of Ringgold. In that notice, Mr. Jones stated that he was domiciled at 664 Military Road in Ringgold.
 

 On July 16, 2010, the district attorney for the Second Judicial District, Bienville Parish filed a petition seeking to disqualify Mr. Jones as a candidate. See LSA-R.S. 18:491 B. The prosecutor alleged that Mr. Jones was not qualified to run because he had not been domiciled in the Town of Ringgold for at least one year prior to qualifying. LSA-R.S. 18:492 A(3) and La. R.S. 33:385.1; see also
 
 State v. Pearson,
 
 41,812 (La.App.2d Cir.9/8/06), 939 So.2d 568,
 
 writ denied,
 
 2006-2231 (La.9/13/06), 936 So.2d 1250. The petition did not identify the source of the district attorney’s information that Mr. Jones was not domiciled in Ringgold, and no affidavits from registered voters in Ringgold accompanied the petition.
 

 The case was tried before the district court on July 19, 2010. Mr. Jones’ retained counsel could not be present due to a scheduling conflict, but Mr. Jones consented to proceed with the trial in the absence of his counsel. In his opening statement, the prosecutor stated in part that “we filed this because we received evidence that Mr. Jones is not qualified [due to his domicile].” Thereafter, the prosecutor called several witnesses, who were Ringgold residents and who testified regarding their knowledge of Mr. |2Jones’ residence and domicile. A careful examination of the record reveals that none of the witnesses testified that they were registered voters in the Town of Ringgold, and none of the witnesses stated their objection to Mr. Jones’ candidacy.
 

 At the close of the trial, the court concluded that the prosecutor had carried his burden of proving that Mr. Jones had not been domiciled in Ringgold for the past year. Accordingly, the trial court ruled that Mr. Jones was disqualified as a candidate for the office of Ringgold Chief of Police. The trial court signed the judgment disqualifying Mr. Jones at 11:25 a.m. on July 19, 2010. Although Mr. Jones’ motion for appeal is stamped as filed at 11:30 a.m. on July 20, 2010, the trial court signed the motion granting the appeal at 11:22 a.m. on July 20, 2010, thus the motion was timely. The appellate record was lodged in this Court at 12:55 p.m. on July 21, 2010, and the case is now before this Court for a decision.
 

 On appeal, Mr. Jones argues that the trial court erred in finding that he was not domiciled in Ringgold for the requisite period of time; he essentially urges that the trial court’s finding of fact was manifestly
 
 erroneous
 

 [1]
 

 .
 
 We pretermit consideration of his assignments of error because we find a fatal defect in these proceedings that requires reversal of the trial court’s judgment.
 

 LSA-R.S. 18:491 provides, in pertinent part:
 

 A. A registered voter may bring an action objecting to the Rcandidacy of a person who qualified as a candidate in a primary or first party primary election for an office for which the plaintiff is qualified to vote.
 

 B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective par
 
 *840
 
 ish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
 

 In
 
 Burkett v. Lewis,
 
 42,985 (La.App.2d Cir.9/21/07), 966 So.2d 718, this Court heard an appeal by a candidate in an election case whose eligibility had been challenged by the district attorney. That challenge was based upon affidavits of two people who alleged that the candidate was not domiciled in the district where he qualified. The district attorney’s petition did not allege that either affiant was a registered voter in the district; likewise, at trial, no witness testified that they were a registered voter in the district. The trial court concluded that the candidate did not meet the residency requirements and signed a judgment disqualifying him.
 

 On appeal, this Court sustained an exception of no right of action
 
 [2]
 
 and reversed the judgment of the district court. This court stated:
 

 Section B of La. R.S. 18:491 was added in 2003. The entire provision is labeled “Standing to object to candidacy.” The importance of a registered voter as the party to challenge a candidate is still a part of the newly allowed action by the District Attorney. The petition and evidence presented at trial do not evidence that registered voters of DeSoto Parish have objected to Lewis’s candidacy. Accordingly, as in
 
 [Booth v. Jefferson,
 
 34,-446 (La.App.2d Cir.9/6/00), 765 So.2d 1249,
 
 writ denied,
 
 2000-2594 (La.9/29/00), 770 So.2d 351], we find 14that the District Attorney’s action is subject to a peremptory challenge, which we hereby sustain.
 

 As in
 
 Burkett v. Lewis, supra,
 
 the record in the instant case contains no evidence to reflect that registered voters objected to Mr. Jones’ candidacy. Although the prosecutor asserted in argument at the district court that citizens had raised doubts about Mr. Jones’ domicile, and the witnesses at trial were Ringgold residents, there is no evidence that any registered voter in Ring-gold objected to Mr. Jones’ candidacy.
 

 Accordingly, this court hereby sustains an exception of no right of action and reverses the judgment of the district court disqualifying Mr. Jones from candidacy for the office of Chief of Police for the Town of Ringgold.
 

 REVERSED.
 

 [1]
 

 . Although our decision does not rest on this basis, after a thorough review of the entire record, this court agrees with Jones that the trial court was manifestly erroneous in finding that Mr. Jones was not domiciled in Ring-gold for one year prior to his qualification for office.
 

 [2]
 

 . Under La. C.C.P. art. 927 B, this court may supply an exception of no right of action on its own motion. At oral argument of this appeal, counsel for Mr. Jones raised this exception as well.