76 So.3d 544 (2011)
OFFICE OF the DISTRICT ATTORNEY, 25th Judicial District, State of Louisiana
v.
Mack Marcel CORMIER.
No. 2011-CA-1322.
Court of Appeal of Louisiana, Fourth Circuit.
September 23, 2011.
Charles J. Ballay, District Attorney, Robert M. White, 1st Assistant District Attorney, Belle Chasse, LA, for Appellee.
Melvin J. Burmaster, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge ROLAND L. BELSOME, Judge PAUL A. BONIN, Judge DANIEL L. DYSART).
ROLAND L. BELSOME, Judge.
Defendant-Appellant, Mack Marcel Cormier, requests review of the trial court's denial of his exceptions of no right of action, no cause of action, nonjoinder of a necessary party and lack of procedural capacity and ultimate disqualification of candidacy for Justice of the Peace, Ward Four, Precinct One, in the Parish of Plaquemines. For the reasons that follow, we affirm.

FACTS
Appellant Mack Marcel Cormier qualified for the open office of Justice of the Peace in Ward Four, Precinct One, on September 8, 2011, and was the only candidate qualifying for the position. The district of Ward Four, Precinct One is in Pilottown, Louisiana and has only two registered voters, one of whom is the ward constable. Appellant has stipulated that he is not one of the two residents of Pilottown, Louisiana.
On September 15, 2011, the Office of the District Attorney for Plaquemines Parish filed a "Petition To Disqualify Candidate Seeking Elective Office," asserting that Appellant was not a resident of Ward Four, Precinct One. The District Attorney had received and filed written objections from four registered Plaquemines Parish voters who objected to Appellant's candidacy: Davey L. Naquin, Jr., Herbert *545 G. Williams, Jr., Mary Jo Hebert and Mary Lou Everage.
On September 19, 2011, Appellant filed exceptions of no right of action, no cause of action, nonjoinder of a necessary party and lack of procedural capacity, as well as a "Motion to Strike Allegations of Paragraph IV of the Petition." A hearing was held that same day, at which time the trial court denied his exceptions and allowed the District Attorney's office to cure the defects in the petition.[1]

ASSIGNMENTS OF ERROR
Appellant alleges four assignments of error: (1) that the trial court erred in finding that the District Attorney's office had standing and in denying his exceptions of no right and no cause of action; (2) that the petition was preempted for failure to name the Clerk of Court for the 25th Judicial District as a defendant; (3) that the trial court erred in denying his exception of lack of procedural capacity; and (4) that the District Attorney's office failed to prove the necessary elements to challenge Appellant's candidacy.

DISCUSSION
We find that the trial court properly denied Appellant's exception of lack of procedural capacity and exception of no right of action. La. R.S. 18:491 provides the procedure by which registered voters may bring an action to challenge the candidacy of an individual who has qualified for elected office. The statute provides, in pertinent part:
A. A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
La. R.S. 18:491(A) and (B)(emphasis added).
Pursuant to the plain language of Section (A) of the statute, a registered voter may object to the candidacy of an individual who qualified as a candidate in an election for an office for which that registered voter was qualified to vote. A registered voter may bring an action objecting to candidacy, individually, and without first having to present evidence to the District Attorney's office.
Pursuant to the plain language of Section (B), a registered voternot necessarily a registered voter qualified to vote in the election for the office for which the objected-to candidate qualifiedmay present evidence to the District Attorney in the respective parish, who shall then make a determination and file an action objecting to candidacy if such grounds exist.
In this case, it is undisputed that four registered voters from Plaquemines Parish properly filed written complaints with the *546 Plaquemines Parish District Attorney's office, and the District Attorney's office filed an action objecting to Appellant's candidacy. See La. R.S. 18:491(B). Accordingly, the elements of La. R.S. 18:491(B) were satisfied. Considering Appellant's stipulation that he was not one of the two residents of Ward Four, Precinct One in Plaquemines Parish, he fails to qualify for the office pursuant to La. R.S. 13:2582.[2]
Additionally, we find that the trial court did not err in denying Appellant's exception of nonjoinder and properly allowed amendment of the petition to add the Clerk of Court for the 25th JDC. See Scaglione v. Juneau, 2010-1734 (La.7/27/10), 40 So.3d 127.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
JONES, J., dissents with reasons.
BAGNERIS, J., respectfully dissents for the reasons assigned by Judge JONES.
JONES, J., dissents with reasons.
I respectfully dissent from the opinion of the majority, and would find that the district court erred in overruling the exception of no right of action of Mr. Cormier, vacate the judgment of the district court, maintain his exception of no right of action, and remand this matter for further proceedings.
The first issue raised by Mr. Cormier in this appeal is that the district court erred in finding that the alleged complainants and the "Office of the District Attorney, 25th JDC" had standing in this litigation, and in denying his exception of no right of action. His principal argument is that the petition at issue is fatally flawed because neither the "office of the district attorney, 25th JDC" nor the four alleged complainants had standing, and accordingly lacked a right of action to bring the complaint under the controlling provisions of the Election Code and the jurisprudence of this state. I agree.
There are two statutes under the Election Code that are applicable when determining whether one has standing to object to candidacy. The first applicable statute is La. R.S. 18:491, entitled Standing to object to candidacy, which provides in pertinent part:
A. A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
Furthermore, La. R.S. 18:1401, entitled Objections to candidacy, contests of elections, *547 contests of certification of recall petition; parties authorized to institute actions, provides in pertinent part:
A. A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.
Jurisprudence established that in order for a registered voter or qualified elector to challenge candidacy, he or she must be an eligible voter in the same election within which he or she seeks to disqualify the potential candidate. In Booth v. Jefferson, 34,446 (La.App. 2 Cir. 9/6/00), 765 So.2d 1249, writ denied, 2000-2594 (La.9/29/00), 770 So.2d 351, the Second Circuit held that plaintiff-appellee Kenneth Fletcher Booth failed to prove that he had standing to challenge the qualifications of former judge Larry Johnson, who was running for a City Court judgeship in Monroe. Mr. Johnson had previously been removed from office as a Monroe City Court Judge by the Louisiana Supreme Court, and he did not apply to the Supreme Court for recertification so as to be eligible to run for judicial office. Id., 34,446, p. 1, 765 So.2d at 1250. Mr. Booth challenged the qualifications of Mr. Johnson in the district court, which determined that Mr. Jefferson was prohibited by law from becoming a candidate. Id.
On appeal, Mr. Jefferson raised the issue that Mr. Booth did not establish that he (Mr. Booth) had standing to challenge the qualifications of Mr. Jefferson as a candidate. Id., 34,446, p. 3, 765 So.2d at 1251. Mr. Booth alleged he was a "major domiciliary" of Ouachita Parish, Louisiana. The Second Circuit determined that both La. R.S. 18:1401(A) and La. R.S. 18:491 stand for the proposition that "a person who is not qualified to vote in a particular election is not qualified to object to the candidacy of an individual running in that election." Id.
The Court further noted that where an individual lacks standing to object to candidacy, the proper procedural vehicle for objecting to standing is the peremptory exception of no right of action. Id. The Court then, sua sponte, noticed that Mr. Booth lacked standing to challenge the candidacy of Mr. Jefferson. Thus, the Court vacated the judgment of the district court, reasoning that Mr. Booth neither asserted in his petition, nor proved at trial that he was either a "qualified elector" under La. R.S. 18:1401(A) or a "registered voter" under La. R.S. 18:491 in the election in which Mr. Jefferson was qualified as a candidate. Id.
Furthermore, as Judge Stewart of the Second Circuit explained in his concurrence in Burkett v. Lewis, 42,985, p. 6 (La.App. 2 Cir. 9/21/07), 966 So.2d 718, 722, the "registered voter" under La. R.S. 18:491 sections (A) and (B) is integral to establishing standing in suits challenging the candidacy of a person who has qualified as a candidate for an elective office. Judge Stewart noted that:
the statute shows that regardless of whether the action is brought by a registered voter directly, or is brought by the district attorney based on evidence presented by a registered voter, standing to object to candidacy must rest ultimately with a registered voter; a district attorney acting solely on his own has no standing to object to candidacy.
Id., 42,985, p. 6, 966 So.2d at 722. Judge Stewart further noted in Booth that the Second Circuit recognized that a plaintiff objecting to candidacy has to be a qualified elector or a registered voter "in the election." The holdings of the Second Circuit in Booth and Burkett are consistent with each other.
*548 In the matter sub judice, the District Attorney argues that he has standing under La. R.S. 18:491 to file the Petition to Disqualify, and lists four (4) registered voters who submitted written complaints objecting to the candidacy of Mr. Cormier. However, none of the complainants are registered to vote in the election for Justice of the Peace at issue in Ward 4, Precinct 1, in the area known as Pilottown, Louisiana, because they are registered to vote in the following Wards: Mr. Naquin, Jr.Ward 6; Mr. Williams, Jr.JP Ward 2; Ms. HebertWard 9, and Ms. EverageWard 9. The Petition to Disqualify of the District Attorney cannot be levied without a registered voter in Ward 4, Precinct 1, of Plaquemines Parish first making a complaint to the District Attorney. Consequently, the District Attorney did not prove that he had the right to bring the Petition to Disqualify.
Thus, I would find that the complainants who brought to the attention of the District Attorney in this matter that Mr. Cormier was not qualified to run for office, were each not registered voters in Ward 4, District 1 in Plaquemines Parish, and they each lacked standing to object to the candidacy of Mr. Cormier. I would vacate the judgment of the district court and maintain the exception of no right of action of Mr. Cormier pretermitting a discussion of the remaining issues raised in this appeal, as they would be rendered moot. Lastly, I would remand this matter to the district court for further proceedings.
Thus, for the forgoing reasons, I respectfully dissent from the opinion of the majority.
NOTES
[1] The District Attorney requested to amend the petition to change the citation of La. R.S. 18:495 to 18:491. The court granted the request. The District Attorney further requested to amend the petition to add the Clerk of Court, which was also granted by the trial court:

The court notes that the District Attorney's office has amended their petition to add the Clerk of Court in this matter, which has cured theany issues regarding your non-joinder....
[2] La. R.S. 13:2582 provides, in pertinent part:

A. (1) Each justice of the peace shall be of good moral character, a qualified elector, a resident of the ward and district from which elected, and able to read and write the English language correctly. Each person qualifying for the office of justice of the peace shall possess a high school diploma or its equivalent as determined by the State Board of Elementary and Secondary Education by the date of qualification to run for office in the year 2008. Each shall possess such other qualifications as are provided by law.
La. R.S. 13:2582(A)(1).