JONES, J.,
dissents with reasons.
hi respectfully dissent from the opinion of the majority, and would find that the district court erred in overruling the exception of no right of action of Mr. Cormier, vacate the judgment of the district court, maintain his exception of no right of action, and remand this matter for further proceedings.
The first issue raised by Mr. Cormier in this appeal is that the district court erred in finding that the alleged complainants and the “Office of the District Attorney, 25th JDC” had standing in this litigation, and in denying his exception of no right of action. His principal argument is that the petition at issue is fatally flawed because neither the “office of the district attorney, 25th JDC” nor the four alleged complainants had standing, and accordingly lacked a right of action to bring the complaint under the controlling provisions of the Election Code and the jurisprudence of this state. I agree.
There are two statutes under the Election Code that are applicable when determining whether one has standing to object to candidacy. The first applicable statute is La. R.S. 18:491, entitled Standing to object to candidacy, which provides in pertinent part:
[2A. A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
Furthermore, La. R.S. 18:1401, entitled Objections to candidacy, contests of elec *547 tions, contests of certification of recall petition; parties authorized to institute actions, provides in pertinent part:
A. A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.
Jurisprudence established that in order for a registered voter or qualified elector to challenge candidacy, he or she must be an eligible voter in the same election within which he or she seeks to disqualify the potential candidate. In Booth v. Jefferson, 34,446 (La.App. 2 Cir. 9/6/00), 765 So.2d 1249, unit denied, 2000-2594 (La.9/29/00), 770 So.2d 351, the Second Circuit held that plaintiff-appellee Kenneth Fletcher Booth failed to prove that he had standing to challenge the qualifications of former judge Larry Johnson, who was running for a City Court judgeship in Monroe. Mr. Johnson had previously been removed from office as a Monroe City Court Judge by the Louisiana Supreme Court, and he did not apply to the Supreme Court for re-certification so as to be eligible to run for judicial office. Id., 34,446, p. 1, 765 So.2d at 1250. Mr. Booth challenged the qualifications of Mr. Johnson in the district court, which determined that Mr. Jefferson was prohibited by law from becoming a candidate. Id.
l3On appeal, Mr. Jefferson raised the issue that Mr. Booth did not establish that he (Mr. Booth) had standing to challenge the qualifications of Mr. Jefferson as a candidate. Id., 34,446, p. 3, 765 So.2d at 1251. Mr. Booth alleged he was a “major domiciliary” of Ouachita Parish, Louisiana. The Second Circuit determined that both La. R.S. 18:1401(A) and La. R.S. 18:491 stand for the proposition that “a person who is not qualified to vote in a particular election is not qualified to object to the candidacy of an individual running in that election.” Id.
The Court further noted that where an individual lacks standing to object to candidacy, the proper procedural vehicle for objecting to standing is the peremptory exception of no right of action. Id. The Court then, sua sponte, noticed that Mr. Booth lacked standing to challenge the candidacy of Mr. Jefferson. Thus, the Court vacated the judgment of the district court, reasoning that Mr. Booth neither asserted in his petition, nor proved at trial that he was either a “qualified elector” under La. R.S. 18:1401(A) or a “registered voter” under La. R.S. 18:491 in the election in which Mr. Jefferson was qualified as a candidate. Id.
Furthermore, as Judge Stewart of the Second Circuit explained in his concurrence in Burkett v. Lewis, 42,985, p. 6 (La.App. 2 Cir. 9/21/07), 966 So.2d 718, 722, the “registered voter” under La. R.S. 18:491 sections (A) and (B) is integral to establishing standing in suits challenging the candidacy of a person who has qualified as a candidate for an elective office. Judge Stewart noted that:
the statute shows that regardless of whether the action is brought by a registered voter directly, or is brought by the district attorney based on evidence presented by a registered voter, standing to object to candidacy must rest ultimately with a registered voter; a district attorney acting solely on his own has no standing to object to candidacy.
Id., 42,985, p. 6, 966 So.2d at 722. Judge Stewart further noted in Booth that the Second Circuit recognized that a plaintiff objecting to candidacy has to be a Lqualified elector or a registered voter “in the election.” The holdings of the Second Circuit in Booth and Burkett are consistent with each other.
*548 In the matter sub judies, the District Attorney argues that he has standing under La. R.S. 18:491 to file the Petition to Disqualify, and lists four (4) registered voters who submitted written complaints objecting to the candidacy of Mr. Cormier. However, none of the complainants are registered to vote in the election for Justice of the Peace at issue in Ward 4, Precinct 1, in the area known as Pilottown, Louisiana, because they are registered to vote in the following Wards: Mr. Naquin, Jr. — Ward 6; Mr. Williams, Jr. — JP Ward 2; Ms. Hebert — Ward 9, and Ms. Ever-age — Ward 9. The Petition to Disqualify of the District Attorney cannot be levied without a registered voter in Ward 4, Precinct 1, of Plaquemines Parish first making a complaint to the District Attorney. Consequently, the District Attorney did not prove that he had the right to bring the Petition to Disqualify.
Thus, I would find that the complainants who brought to the attention of the District Attorney in this matter that Mr. Cor-mier was not qualified to run for office, were each not registered voters in Ward 4, District 1 in Plaquemines Parish, and they each lacked standing to object to the candidacy of Mr. Cormier. I would vacate the judgment of the district court and maintain the exception of no right of action of Mr. Cormier pretermitting a discussion of the remaining issues raised in this appeal, as they would be rendered moot. Lastly, I would remand this matter to the district court for further proceedings.
Thus, for the forgoing reasons, I respectfully dissent from the opinion of the majority.